JOSEPH V. WILLIAMS *vs.* DAVID FREELAND.

July Term, 1867.

1. To warrant a continuance it is not only necessary to show the use of due diligence to procure a witness, but also the materiality and importance of his evidence to the issues to be tried.

2. Nor is the absence of proof of the materiality excused by the absence of the client from sickness or otherwise; as it cannot be presumed that if the witness were present he could prove the case, nor that the client, if present, would prove the materiality of the witness.

3. A case in which "belligerent rights" to parties engaged in the late rebellion, are denied. (See *Hedges* vs. *Michael, et al.*)

This suit was brought in *Preston* county, in June, 1864, against *Joseph V. Williams* and *Charles Williams*. The action was trespass for seizing and carrying away the property of the plaintiff, *David Freeland*, in January, 1864. The plea of not guilty was entered at the September term, 1864. At the September term, 1865, the defendant *J. V. Williams* tendered three special pleas, setting up as a defense what is termed "belligerent rights," claiming to have been, at the time the property was taken, in the service of a government styling itself the Confederate States of America, &c.

The plaintiff objected to the filing of these pleas, on the ground that they were not offered until the cause was called for trial on the fifth day of the term, and that no notice had been given that such pleas would be offered; and they were no answer to the declaration, but tended to embarrass and delay the trial. The defendant in support of the applica-

*See page 187. Judge LOOMIS of the VI circuit was called to the bench.

July Term, Williams *vs.* Freeland. 1867.

tion to file the pleas, filed some affidavits to show that the attorney who filed the plea of not guilty was not employed by them to do so, but that he had done so only as the friend of defendants. The court overruled the objections and permitted the pleas to be filed and plaintiff excepted. The plaintiff filed special replications to the three pleas, to which the defendant demurred; and the cause was heard upon this demurrer at the December term, 1865, when the plaintiff insisted that the pleas were insufficient and that upon the principle of going up to the first fault the pleas should be overruled. Upon argument the court quashed the pleas for want of certain formalities and allegations; without expressing an opinion whether the defendants were entitled to belligerent rights. The defendant *J. V. Williams*, then asked leave to file three additional pleas of a similar character, but containing some matters omitted in the former pleas. The court refused him permission to file these additional pleas, upon the ground that they were offered too late and might delay the trial. The defendant excepted to the opinion of the court in quashing the former pleas, and also in refusing to permit the latter to be filed.

The defendant by his attorney then moved for a continuance on the ground of the sickness of the defendant *J. V. Williams*, and his not being able to attend the trial, and that one *Parson M. Taylor*, a material witness, was absent. In support of this motion he tendered a letter written by the defendant to one of his attorneys, dated four days before the calling of the cause, stating his inability, from sickness, to be present; and he proved by a witness that he saw the defendant at *New Creek* station the day before the calling of the cause, and that he looked as if he had been sick, and he said that he was then sick, but would try and get to court if he felt well enough. The subpœna for the witness *Taylor*, duly served, was also produced, and a certificate of a physician showing that he was unable to leave home by reason of a severe attack of bronchitis. The court refused a continuance and a jury was called who rendered a verdict for 1,110 dollars with interest from the 4th day of January,

1864, against *J. V. Williams*, but found *Charles Williams* not guilty.

There were some other bills of exception taken during the progress of the cause, and one on the refusal of the court to set aside the verdict and grant a new trial, but they do not seem to have been considered by the court, and are not further noticed here.

*C. Boggess* for the plaintiff in error.

*Stanton & Allison* for the defendant in error.

BROWN, President.

This case involves substantially the same principles fully considered and decided in the cases of *Hedges* vs. *Michael*, *Price* vs. *Lutman*, argued at the same term, viz: the question of belligerent rights under which immunity is claimed for trespasses committed in aid of the rebellion; and the same ruling must be applied here that was there.

I think, therefore, that the pleas quashed and the pleas rejected, the latter of which though more formal were not more substantial, contained no justification nor defence to the action, and were rightfully rejected by the court, though not for the reason assigned for doing it.

The motion for a continuance of the cause was also properly overruled; for to warrant a continuance the party ought not only to show due diligence to procure the attendance of the witness, but also the materiality and importance of his evidence to the issues to be tried.

To have a subpœna issued and the witness summoned and show his absence may constitute due diligence; but whether his evidence would be material if present is equally important. Nor is it excused by the absence of the party, from sickness or otherwise. For it is not to be presumed that the witness would prove the case if present, nor that the client would prove his materiality if present. The fact must be shown, and if not it cannot be taken to exist; at least, as against the other party. Once admit the doctrine

July Term,            Williams *vs.* Freeland.            1867.

of presumption, without circumstances to raise a presumption, in the place of proof, and not only would the proof be discarded, but continuances would be had continually for absences from many other causes than sickness—if not design.

In the case at bar, suppose the party present but not willing to make oath to the materiality of the witness, or suppose he had directed the witness not to attend, or supposed the witness summoned for a show, should a continuance be granted? Surely not; and yet if granted in this case, any or all of these things might have been true. It is true they are not to be presumed so, neither is the converse, whether for or against either party.

I think, therefore, that there is no error in the judgment to warrant its reversal by this court, but that it should be affirmed with costs and damages to the defend

Judge Maxwell concurred.

JUDGMENT AFFIRMED.