# CHARLESTON.

## STATE v. LANE.

### Submitted February 12, 1898—Decided April 9, 1898.

1. CRIMINAL LAW—*Record—Error—Reversal.*
   A criminal case will not be reversed unless the record shows error committed, prejudicial to the prisoner. (p. 732).

2. CONTINUANCE—*Error—Reversal.*
   The refusal of a continuance, unless plainly erroneous, will not justify the reversal of a judgment. (p. 732).

3. NEWLY-DISCOVERED EVIDENCE—*New Trial.*
   Newly-discovered evidence, apparently insufficient to change the result, will not justify a new trial. (p. 733).

4. REVERSAL—*Verdict—Evidence.*
   Where the verdict of the jury is fully sustained by the circum-

stances shown by all the evidence in the case, other than that of the prisoner, it will not be disturbed.　(p. 733).

Error to Circuit Court, Mingo County.

Lando Lane was convicted of manslaughter and brings error.

*Affirmed.*

H. K. SHUMATE, for plaintiff in error.

EDGAR P. RUCKER, ATTORNEY GENERAL, for the State.

DENT, JUDGE:

Lando Lane, indicted for killing William Vance, in the circuit court of Mingo county, was found guilty of murder in the second degree, and sentenced to ten years' imprisonment. He here relies on the following assignment of errors:

"First. The court erred in overruling your petitioner's motion for a continuance. Second. The court erred in not furnishing compulsory process for his witnesses. Your petitioner showed, in support of said motion, that he had made an effort to procure counsel, and believed that he had, until the day preceding the calling of his case for trial; that then he learned that the attorneys he believed he had employed would not appear for him; that he then had to procure other counsel, which he did, but who was, from the short space of time allotted him, unable to prepare for said trial; that his counsel had demanded attachments for certain witnesses that were material, which had been ordered by the court, and directed to be issued and served, but the clerk of said court did not issue said attachments, or, if issued, no officer of the court would execute, and the fact that such failure of the clerk and sheriff had occurred was not known to the prisoner or his counsel until his case was called for trial, and then the court refused to furnish said compulsory process, or postpone his trial until such witnesses could be procured. The materiality of such witnesses are shown by affidavit subsequently filed, and made part of the record, upon your petitioner's motion to set aside the verdict and grant him a new trial. Third. The court erred

in overruling motion for continuance upon the ground that the prosecuting attorney had discharged a witness summoned for the State, which he knew was material for the defense, and sending him away from the court house surreptitiously, without the knowledge or consent of the court, the prisoner, or his attorney. Fourth. The court erred in permitting the State to prove the character of the prisoner, when it had not been put in issue by the defense. Fifth. The court erred in permitting other improper evidence to go before the jury, as will appear from bill of exceptions No. 2. Sixth. The court erred in passing sentence upon petitioner, there being no judgment of guilty pronounced on the verdict of the jury. Seventh. The court erred in passing sentence upon petitioner without having first asked him what, if anything, he had to say why the court should not proceed to pass the sentence of the law upon him. Eighth. The court erred in refusing to set aside the verdict and granting petitioner a new trial, because the after-discovered and new evidence showed that he was entitled to it, and because the same was contrary to the law and evidence, as shown by bill of exceptions No. 2."

On a careful examination of these various assignments of error in the light of the record, there appears no just ground presented in any of them for the interference of this Court. In his affidavit for continuance the prisoner does not show such due diligence and preparation for trial as would entitle him to such continuance. The rule laid down in the case of *State* v. *Harrison*, 36 W. Va. 730, (15 S. E. 982), must govern in such cases, to wit: "A motion for continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and, though an appellate court will supervise the action of an inferior court on such motion, it will not reverse the judgment on that ground, unless such action was plainly erroneous." The indictment was found at the May term, 1897, and the trial did not occur until September, and after the prisoner was arrested he had ample time to get ready for trial. There is nothing in the record showing that the court refused compulsory process for the prisoner's witnesses, or refused to postpone the trial until such witnesses could

be obtained.   Apparently, no such application was made direct to the court, but only a motion for a continuance, which, in its sound discretion, was refused; and such action does not appear plainly erroneous.   The prosecuting attorney had the right to discharge any of the State's witnesses he might see fit, and, while his surreptitiously sending them away might not be professional, yet it is not a matter of which the prisoner can complain; for, if he wished such witness, he should have had them summoned. There was no error in admitting the proof touching the character of the prisoner, as he had opened up the matter himself; nor in the admission of the other evidence complained of, which was a part of the *res gestæ*.   The sixth and seventh assignments relate to mere formal matters, which have been abandoned or become obsolete in the courts of this State, unless it be a case where capital punishment is about to be inflicted; for the prisoner is afforded every opportunity to move for a new trial, or in arrest of judgment, without this final inquiry, and he was fully afforded such opportunity in this case.   21 Am. & Eng. Enc. Law, 1068, 1069.   The eighth and last assignment of error relates to the refusal of the court to grant a new trial because the verdict was contrary to the law and evidence, and because of newly-discovered evidence.   The evidence newly discovered is merely accumulative, and could not possibly change the result.   On a careful examination of all the evidence, including the affidavits for a continuance, it is not only impossible to say that the prisoner has been unjustly convicted, but it is possible to say that the verdict is a just one, and should be maintained. The killing with a deadly weapon is not denied, but it is claimed by the prisoner to have been in self-defense.   The evidence and circumstances, other than the prisoner's own testimony, clearly show that the killing could have been avoided by the prisoner, had he been so minded, and that on very slight provocation he unnecessarily took the life of a fellow man; and for so doing his sentence is none too harsh.   The judgment will therefore be affirmed.

*Affirmed.*