# CHARLESTON

STATE v. BROWN,

Submitted June 11, 1907.    Decided November 12, 1907.

1. CRIMINAL LAW—*Continuance—Diligence.*

   Upon a motion for a continuance because of the absence of a witness it must be shown that the accused used proper diligence to secure the presence of the witness, and a fair probability that his presence can be secured at a later term must also appear. (p. 547.)

2. SAME—*Absent Witness.*

   On a second motion for continuance of a murder case by the accused, for the absence of the same witness on account of whose absence was the former continuance, and there is any ground to suspect that the continuance is for delay, it must appear what evidence the absent witness is expected to give. (p. 549.)

Error to Circuit Court, Mercer County.

Charles Brown was convicted of murder, and brings error.

*Affirmed.*

HALE & PENDLETON, for plaintiff in error.

CLARKE W. MAY, Attorney-General, for the State.

BRANNON, JUDGE:

Charlie Brown was sentenced to the penitentiary for life by the criminal court of Mercer county. He was refused a writ of error by the judge of the circuit court, but was allowed it by this Court.

The only assignment of error is based on a refusal of a

continuance. No evidence is before this Court touching the case, except only as to the continuance. The indictment was 3rd July, 1906, the trial in October. At the first term a continuance was granted on the ground of the absence of Bryant, whom Brown wanted as a witness. Bryant was not summoned for that term, and just before it he left Mercer county and went to Virginia. Leave was given to take his deposition. How long there was omission to do this does not appear. Very shortly after the first term Bryant returned to Mercer, which is given as a reason why his deposition was not taken. No summons was issued for him while he remained in Mercer or McDowell, as he was in both counties, until a very few days before the second term, when a summons and attachment were sent to McDowell, but he had left. Brown and his wife and his attorneys knew of his return from Virginia, but took no steps to summons him until a very few days before the trial though they had ample time to do so. The summons is gone, and we cannot tell the date, but it is proven to have been issued just before court. The process must be sued out early. 9 Cyc. 191,194. This manifests a gross want of diligence. This denies a continuance. *State* v. *Betsall,* 11 W. Va. p. 726; *Dimmey* v. *Elm Grove,* 27 W. Va. 32. Again, where was Bryant? The accused in his evidence said he did not know. No one located him. He went to the Chesapeake and Ohio railroad, running off with a woman. There is a little hearsay tending to show that he may have been in Fayette county, but it is by no means proven; in fact, the probability is that he was out of the state. "It is well settled that the refusal to grant a continuance will not be considered an abuse of discretion where the witness is beyond the jurisdiction or compulsory process of the court, or his whereabouts is unknown, and there is no reasonable certainty of the party being able to produce such witness at the next term." 9 Cyc. 181; *Hurd Case,* 5 Leigh 715; 4 Ency. Pl. & Prac. 882. The mere statement that the suitor expects to produce him will not do. "Where a continuance is asked to produce the evidence of a witness not resident in the State, the affidavit should state not only the *bona fide* belief that such evidence can be produced, but the grounds of such belief, in order that the court may see that the belief is not merely a hope, but a well-

founded, reasonable expectation, that it will be procured."
*State* v. *Harrison*, 36 W. Va. (pt. 8), 730. Again, the evidence does not intimate what Bryant was expected to prove.
Will a court, especially on a second motion for continuance in a criminal case, where the motion to delay a trial is always to be suspected, defer criminal justice, unless it can see that the evidence of the absent witness will be material and answer some material end? In 9 Cyc. 201, we find the law on many authorities cited thus: "In an application for a continuance on the ground of absent witnesses, it is not sufficient to state in general terms or by indefinite allegations what the absent testimony will be; it must specifically set forth the facts expected to be proved by such witnesses, so that the court may judge of the materiality of the same.
While it has been argued that to disclose at the time of the continuance is desired, facts to which it is expected an absent witness will swear, may in many instances work a hardship or injustice upon a party in the presentation of his case, it is nevertheless generally held by the courts to be necessary to the proper administration of justice that the expected testimony be set out with such definiteness and detail as will enable the court to judge from the issues presented by the pleadings whether or not such absent testimony is material and indispensable to a fair and just trial."
In a note it will be seen that in Tennessee, where at the first term no inquiry can be made as to what the absent witness will prove, yet this is not the rule where a second continuance is asked. In *Williams* v. *Freeland*, 2 W. Va. 306, JUDGE BROWN said that on an affidavit for a continuance it could not be presumed that the witness would prove the case, if present, but it must be shown, and if not, it cannot be taken to exist. The court held that the affidavit must show "the materiality and importance of the witness" to guard against evasion of justice. In *Buster* v. *Holland*, 27 W. Va. p. 535, JUDGE GREEN said the affidavit must name the witness and give the substance of his expected evidence. It seems that Bryant was present at the homicide. He went there with Brown. The murder occurred at a railroad station, where there were numerous eye witnesses, and a number of them were present as witnesses at the trial, who could as well prove the transaction as could Bryant. The case

has the appearance of a design to delay trial. Certainly when this is the case, and the presiding judge is better able to detect such motive than we, he can, at the first calling of the case require the party to state what he expects to prove by the absent witness. *Riddle* v. *McGinnis*, 22 W. Va. 254; *Harris* v. *Harris*, 2 Leigh 584; *Hewitt's Case*, 17 Grat. 627. So, on the case made by the evidence on such motion the court may consider this defect in its showing. He can say whether a case is made for a continuance.

When the court had overruled the motion for a continuance the accused asked a postponement for some days to send a summons for the witness in Fayette county; but the court refused to do so. This is complained of as error. The remarks above apply to this motion. Where was Bryant? Nobody could say, nobody knew. Most likely he was out of the state. Was his evidence material? We do not know except the mere general statement of the prisoner that he was material, without any specification, and this the second motion for the same cause. And then he had used no diligence. So no cause for a continuance or delay was shown. But in addition to that, let us not forget the principle governing, in this Court, refusals for continuance. It is so much a matter of discretion, and the presiding judge having so much better means for determining whether a request for continuance is *bona fide* or simply for delay, that the United States Courts and many others refuse to review the question of continuance. In the Virginias, however, it is different, and the courts do review upon error assigned for the refusal of a continuance; but they do so under rules that have been announced for the hundredth time, and which it seems useless here to repeat. A motion for a continuance is addressed to the sound discretion of the court, and it will not reverse the judgment on that ground unless such action was plainly erroneous; many of our cases say that it must be so plainly erroneous as to be an abuse of such discretion. *State* v. *Lane*, 44 W. Va. 730; *State* v. *Harrison*, 36 *Id.* 757. The circuit court has to determine "from a variety of circumstances occurring in its presence whether applications for continuance are made in good faith." *Fiott's Case*, 12 Grat. p. 576.

Judgment affirmed.

*Affirmed.*