STATE OF WEST VIRGINIA

*v.*

ERNEST DAVID LANE

(No. 14167)

Decided December 11, 1981.

*Gerald M. Titus, Jr.*, for petitioner-in-error.

*Chauncey H. Browning*, Attorney General, and *Richard T. Rodgers*, Assistant Attorney General, for defendant-in-error.

PER CURIAM:

Appellant, Ernest David Lane, was indicted by the Calhoun County Grand Jury for obtaining money and property by false pretenses in violation of *W. Va. Code*, 61-3-24 [1923]. On 2 May 1977 he withdrew his not guilty plea and entered a plea of guilty to the offense as charged. The court discussed appellant's guilty plea at length with

both the appellant and his counsel to determine whether the plea was knowingly, voluntarily and intelligently made.

The court then ascertained that a plea bargain had been made between the appellant and the State. Mr. Webb stated the terms of the bargain which were: (1) the prosecuting attorney would recommend that the appellant serve one year in jail and pay a fine in the neighborhood of $500; (2) the State would recommend that appellant's sentence be suspended and appellant be released on probation with the understanding that he repay the money he obtained from the victims; and (3) appellant would be given credit for the seven months spent in jail if he should be sentenced to the full one year. The prosecuting attorney then informed the court that he had agreed to the plea bargain as set forth by defense counsel.

The court communicated to the appellant that the court was not bound by this plea bargain and that the proper sentence would be determined after the court had received a copy of a presentence investigation report from the county probation officer. After several admonitions and explanations to the appellant by the court that a guilty plea would not necessarily result in the plea-bargained for probation, the appellant indicated that he wished to go through with the plea bargain.

The court accepted the plea, and then continued the case for presentence investigation. After reviewing the presentence report, the court committed the appellant to Huttonsville Correctional Center for a sixty day diagnostic evaluation. At the end of the sixty day period, the court scheduled the case for final disposition on 22 July 1977. By letter dated 19 July 1977, Mr. Webb's secretary informed the court that Mr. Webb would be out of town until 26 July and requested that the case be removed from the docket until further notice.

Upon receipt of this letter, the court requested that another attorney, Philip A. Reale, represent the appellant for purposes of final sentencing. Mr. Reale appeared with

the appellant and the prosecuting attorney appeared on behalf of the State. When asked whether he had a recommendation to make as to the sentencing, the prosecutor responded that he did not. After determining that the appellant had no objections to proceeding with the sentencing in the absence of his former counsel, the court sentenced appellant to one to five years in the State Penitentiary with credit for time served in the county jail.

On 9 August 1977 both Mr. Webb and Mr. Reale filed a motion to reconsider the sentence on the ground that the plea bargain which had been entered into was not known to the court at the time of the sentencing. That motion was granted and on 12 August 1977, a hearing was held. Mr. Webb argued that the appellant did not receive consideration of the plea bargain when he was sentenced because his new attorney was not aware of the bargain, and the prosecutor had forgotten his part of the plea bargain. The prosecuting attorney responded that he made no recommendation at the final sentencing because he assumed the court was rendering its sentence on the basis of the diagnostic report from Huttonsville.

After hearing arguments from both sides, the court concluded that: "The motion to reconsider sentence was granted in light of the bargain and recommendation of the State as agreed. The action of the court, the sentence is right, and will stand despite the recommendation of the State in my view." The court admitted that it did not recall on the date of the original sentencing that the State had recommended that appellant spend his time in the county jail, and that based upon this oversight, had granted the motion to reconsider the sentence. Upon reconsidering, the court said: "In passing sentence upon you I have this bargain in mind. I rejected it. I don't think it is proper. After getting the information about your background, it is my view and it is your sentence, that you be confined in the penitentiary as previously ordered."

In this appeal, the appellant challenges his sentence on the grounds that his guilty plea was not knowingly and voluntarily entered; the prosecuting attorney failed to uphold the State's agreement; the trial court erred in

denying a motion for continuance of the sentencing hearing when appellant's counsel was out-of-town on the date scheduled; and, appellant was not given the opportunity to withdraw his plea. We find no merit in any of these contentions and therefore affirm the judgment of the circuit court.

It is clear from a fair reading of the record that the procedure outlined by this Court in *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975) was closely followed by the trial judge in this case, and we are convinced that the appellant's plea was knowingly and voluntarily entered.

In addition, we find no merit to the appellant's arguments that the State breached the plea bargain it had made with him, and that he was. denied effective assistance of counsel. Any error that may have resulted from the prosecuting attorney not reiterating his recommendations at the sentencing hearing was cured when the court held a hearing to reconsider the sentence. Likewise that hearing also cured any prejudice that may have resulted from appellant's original counsel, Mr. Webb, being unable to attend the sentencing on 22 July 1977. The law in this area is well settled. "A criminal case will not be reversed unless the record shows error committed, prejudicial to the prisoner." Syl. pt. 1, *State v. Lane*, 44 W. Va. 730, 29 S.E. 1020 (1898).

Accordingly, the judgment of the Circuit Court of Calhoun County is affirmed.

*Affirmed.*