# CHARLESTON.

## STATE v. SWAIN.

Submitted October 30, 1917.   Decided November 6, 1917.

1. CRIMINAL LAW—*Continuance—Absence of Witness—Statute.*

    One indicted for a felony and who had obtained a continuance at a previous term on the ground of the absence of a witness duly summoned, but unable to attend on account of sickness, is not entitled to another continuance at the next term because of the absence for the same cause of the same witness again duly summoned, when he knew of the infirmity of such witness, and that he would not be able to attend, in ample time to have taken his deposition, as provided by section 1 of chapter 159, Barnes' Code of West Virginia. (p. 279).

2. SAME—*Continuance—Discretion of Trial Court.*

    In such cases a motion for a continuance is addressed to the sound discretion of the trial court reasonably and not arbitrarily exercised, and its judgment thereon will not be reversed unless so plainly erroneous as to evidence abuse of its discretion. (p. 280).

3. SAME—*Trial—Verdict—Effect.*

    Where on a trial of such indictment the court instructs the jury that it must render its verdict on two of the counts specified therein and disregard the others, and the verdict returned finds the defendant guilty only upon one of said counts, such verdict is not erroneous, and amounts to an acquittal on the other count mentioned in the instruction. (p. 282).

Error to Circuit Court, Wood County.

   Jess Swain was convicted of grand larceny, and from a judgment of the circuit court of Wood county denying his writ of error to the judgment of the criminal court of that county, he brings error.

*Affirmed.*

   *R. E. Bills, C. N. Matheny* and *C. M. Hanna,* for plaintiff in error.

   *E. T. England,* Attorney General, and *Charles Ritchie,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Upon a writ of error to the judgment of the circuit court of Wood county, rendered on the 17th day of June, 1915, denying defendant a writ of error to the judgment of the criminal court of that county, rendered on the 18th day of May, 1915, and whereby upon the verdict of the jury finding him guilty of grand larceny as charged in the fifth count of the indictment, it was adjudged that he be confined in the penitentiary for the period of six years, there to be dealt with in all things as the law directs.

The subject matter of the larceny as charged in the first and fifth counts, was one lot of rope of the value of three hundred dollars, alleged to have been the property of the Monongahela River Consolidated Coal & Coke Company, a corporation. All the other counts were eliminated by an instruction to the jury to confine themselves to these two counts. The jury found defendant guilty only upon the fifth count.

The first point is that the court erred in overruling defendant's motion to quash the indictment. We have examined the indictment and find it good in law. Counsel point out no infirmity therein or in either count thereof, and we see none. The point will therefore be overruled.

Next it is complained that the trial court erroneously denied defendant's motion for a continuance at the May Term, 1915, based on the absence of his witnesses, Mrs. Maud Campbell and Mrs. Ella Robertson, both summoned, and whose fees had been paid by him. Respecting Mrs. Robertson, the court awarded a rule and attachment against her, which was not issued or served because she was brought in by defendant and gave evidence in his behalf on the trial. Mrs. Campbell, Mrs. Robertson's daughter, was sick and unable to attend, and the judge of the criminal court was of opinion that defendant was not entitled to a continuance on account of her absence, because one continuance had been granted him on account of her absence and the absence of her husband, and defendant who lived in the same house with her, knew of her infirmity in ample time before the trial to have taken her deposition and neglected to do so, wherefore, and as the

state's witness having been detained in jail, because unable to give bond, and as the next term of the court would not occur for about six months, the court was of opinion to deny the motion. Moreover the evidence taken on defendant's motion for a continuance at the previous term, based on the absence of Mrs. Campbell and John Campbell, her husband, was before the court. On that occasion defendant swore that he expected to or could prove substantially the same fact by each of these witnesses. The present record shows the presence of John Campbell on the trial, and though examined by defendant on his motion for a continuance, he was not examined on the trial before the jury as to any matter, nor was the omission to do so explained or excused by defendant. Of course these facts did not appear at the time of the motion, but it furnishes some justification for the court's action, if the court was convinced that the motion for a continuance was interposed for delay.

It is contended, however, that notwithstanding the previous continuance on the ground of the absence of the same witness, defendant was entitled to a second continuance when he showed she was necessarily absent, and that it was reversible error to deny him this right. For this proposition, the case of *Gwatkin* v. *Commonwealth,* 10 Leigh 687, and other Virginia cases are cited and relied on, but the Gwatkin case is the only one directly in point. That was a murder case in which the defendant was convicted and sentenced to be hung. The absent witness had been present at a previous trial and gave very important testimony, and the case had never been continued on the ground of his absence, and it appeared to the court that defendant had not been in any way negligent in preparing for trial. Moreover since that case was decided our statute on criminal trials, section 1 of chapter 159, was so amended as to provide for the taking of depositions in criminal cases. Chapter 122, Acts 1882. We find no such provisions in the statutes of Virginia, in force at the date of the trial in the Gwatkin case. Certainly there is nothing in chapters 208 and 211 of the Code of 1849, and we find nothing in the corresponding chapters of the Code of 1860, relating, respectively, to trials generally and to criminal proceed-

ings genarally making provisions for taking depositions in criminal cases. Perhaps if there had been such a statute in Virginia the court might have decided differently the Gwatkin case. However, we do not say that in every case, notwithstanding the provisions of our statute,. the trial court would be justified in denying one accused of crime the right to have important witnesses personally present at the trial, for often he might be greatly prejudiced by their absence; it is not always possible to anticipate what may occur in the trial, and besides, one might be benefited by the personal presence of a witness in a way that could not be so well subserved by a deposition. If this is made to appear the court ought not to abuse its discretion to the possible detriment of the accused.

In the case at bar, however, and in view of the character of the proposed evidence of the absent witnesses and the facts disclosed on the trial, we do not see that defendant could have been materially prejudiced by their absence. What he swore he could prove by Mrs. Campbell was that Trees, the other party to the theft, the state's witness, also indicted therefor, had said to her when he brought the rope to the boat that he wanted to hide it, and did hide it, and that defendant had nothing to do with stealing the rope. If his evidence on the motion for a continuance at the previous term is to be believed he could have shown substantially the same declarations of Trees by John Campbell, and, though he was present at the trial, he did not attempt to do so. So far as we can see, Mrs. Campbell's deposition would have served the defendant as well as her personal appearance in court, and under the circumstances should have been taken before the day set for the trial.

The general rule is that a motion for a continuance is addressed to the sound discretion of the trial court reasonably and not arbitrarily exercised, and its judgment thereon will not be reversed unless plainly erroneous, and so plainly erroneous as to evidence abuse by the court of its discretion. *State v. Brown,* 62 W. Va. 546; *State v. Lane,* 44 W. Va. 730; *State v. Harrison,* 36 W. Va. 729; *Fiott's Case,* 12 Gratt

576. We think there can be no doubt as to the prisoner's guilt. Much evidence on the trial directly connected him with the crime, independently of any evidence of his accomplice. So we overrule the point of error.

The prisoner next complains of the admission and rejection of evidence. We have carefully examined all the evidence involved in these points of error and find them without any substantial merit. It is unnecessary to go into the particulars respecting them. In most instances the evidence objected to was either nonprejudicial, or properly admitted; where proposed evidence was rejected there was no proffer and no showing made as to what the evidence would have been, if admitted. Certainly the prisoner could not have been prejudiced by the ruling of the court thereon.

Another complaint relates to the instructions. The court gave six of the ten instructions proposed by the state and rejected the others; it also gave five instructions at the instance of the defendant, and rejected others, none of which were brought up by the record.

The main and only point seriously urged against the state's instructions given is that they so persistently urged and repeated the subject of reasonable doubt as to be argumentative and prejudicial on this ground. But as they each propound a correct legal proposition, as we decided in *State* v. *Huffman,* 69 W. Va. 770, this general objection was without substantial merit and was properly overruled by the trial court. The other objections to the instructions are likewise without merit.

Lastly the point is made that the court erroneously denied defendant's motion for a new trial. The principal thing urged in support thereof is that the court instructed the jury to render a verdict on the first and fifth counts, and the verdict returned was upon the fifth count only. This objection answers itself. The instruction referred to was Number 8, given at the instance of the state, as follows: "The court instructs the Jury it must render its verdict upon the first and fifth counts of the indictment and disregard all other counts in said indictment." Certainly the defendant cannot complain that he was not convicted on both counts.

The instruction plainly meant that in rendering their verdict the jury should confine themselves to one or both of these two counts. The first charged the breaking and entry of a house burglariously with intent to steal the rope; the second simply larceny of the rope. The verdict returned was limited to the fifth count and amounted to an acquittal on the first. *Hawley* v. *Commonwealth,* 75 Va. 850; *Johnson* v. *Commonwealth,* 102 Va. 927. Of this the defendant has no reason to complain.

The judgment will be affirmed.　　　　　*Affirmed.*