# CHARLESTON.

STATE *ex rel.* CHAMBERS *et al.* v. HON. JAMES DAMRON, JUDGE.

Submitted October 6, 1920. Decided October 12, 1920.

COURTS—*Mandamus Refused; Judges Being Divided in Opinion.*

> Relators were indicted at the September, 1920, term of the circuit court of Mingo County for murder charged to have been committed by them August 14, 1920. They voluntarily appeared at the same term, entered a joint plea of not guilty, and demanded an immediate trial, which the court refused, but did grant the state's motion for continuance of the case until the next succeeding January term. To the action so taken they duly excepted, and asked the presiding judge to sign bills of exception and make them part of the record by an order entered thereon, which he refused to do. Thereupon they obtained the usual alternative mandamus writ, and the members of the court now sitting being unable to agree upon the necessity for the peremptory writ, or the possible or probable benefit or advantage to accrue to defendants should it be awarded, it necessarily must be and is refused.

> (WILLIAMS, PRESIDENT, absent.)

> (POFFENBARGER and MILLER, JUDGES, dissenting.
> 87 W. Va.

Original mandamus by the State, on relation of Talt Chambers and others, against Hon. James Damron, Judge, etc.

*Writ refused by a divided court.*

*Thomas West* and *H. W. Houston,* for relator

LYNCH, JUDGE:

The four relators, indicted at the September, 1920, term of the circuit court of Mingo County for the murder of A. E. Hatfield at Matewan, August 14, 1920, voluntarily appeared at the same term and jointly entered a plea of not guilty, and moved for the impanelment of a jury and a speedy trial of the charge preferred against them, when the state moved for a continuance of the case until the January, 1921, term of the court. The court, after hearing the evidence offered by the state and the accused in support of the respective motions, sustained the motion of the state and ordered the trial postponed until the succeeding January term, and overruled the motion of defendants for a trial at the term at which they so appeared. The latter duly excepted to the action so taken and asked the presiding judge, the respondent, the Honorable James Damron, to sign bills of exception and enter an order filing the exception, including the evidence so heard and read, as part of the record of the case, both of which he refused to do. Relators, at the suit of the state, applied for and obtained the alternative writ requiring him either to sign the bills and enter the order, or show cause for his refusal to do so. As he did neither, they now submit the case on briefs filed by them for the usual peremptory writ, on the theory that, according to the first section of chapter 159 of the Code, they were entitled as of right to be tried at the term the indictment was returned by the grand jury, unless the state showed good cause for a continuance, which they insist was not done.

The language of the statute, so far as pertinent, is: "When an indictment is found in the circuit court of any county against a person for a felony, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same

term." If defendants had moved for a continuance and the court had refused the motion and forced them into a trial over their objection, of course the evidence and ruling of the court could properly be made part of the record of the proceeding, and if thereafter any one or more of the defendants were convicted of the offense and sentenced to imprisonment therefor, those so convicted and sentenced could of course avail themselves of the ruling upon writ of error to judgment, if entitled thereto. As to that right, which is not involved now, the four members of the court now participating agree, Judge WILLIAMS being unavoidably confined by illness at his residence in the city. But what benefit or advantage would or could possibly enure to defendants if the testimony taken and read upon the hearing of both motions were perpetuated by bills of exception is a question as to which we are evenly divided, Judges POFFENBARGER and MILLER being of opinion to award the writ, and Judge RITZ and I being of opinion to refuse it. As reconciliation of these diverse views seems impossible, the writ must necessarily be refused, and accordingly it is so ordered.

*Writ refused by a divided court.*