STATE OF WEST VIRGINIA

*v.*

RICHARD DALE STALEY

(No. 13864)

Decided March 20, 1979.

*Albright, Fluharty, Bradley & Townsend, Gerald W. Townsend* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Charles G. Brown,* Deputy Attorney General, for defendant in error.

PER CURIAM:

The Circuit Court of Wood County sentenced the petitioner, Richard Dale Staley, to from five to eighteen years in the State Penitentiary for second degree murder. The petitioner appeals contending that the trial

court erred in allowing Deputy Sheriff Jay S. Memel to testify, during trial, as to statements made by the petitioner to Memel during an in-custodial interrogation.

The record in this case shows that on December 27, 1969, Edward Mullen was brutally beaten at his home. On the same day at approximately 3:10 or 3:15 o'clock p.m. the petitioner, who lived with Mullen, was arrested for felonious assault.

After being arrested, the petitioner was transported in a patrol car to the county jail. At the county jail he was placed in a conference room where he remained until the arrival of Memel at approximately 9:00 o'clock p.m. At 9:12 o'clock p.m., Memel administered the "Miranda" warnings to the petitioner, and immediately thereafter, the petitioner signed a waiver of his rights and confessed, in writing, that he had beaten Mullen who, by this time, was dead.

At approximately 9:45 o'clock p.m. the petitioner was, for the first time, taken before a justice of the peace.

During the petitioner's trial Memel testified as to the contents of the confession, including the significant statement: "I, Richard Staley did kill Mr. Edward Mullens [sic] at his home with my fist."

The petitioner contends his statement to Memel should have been excluded from evidence because of unreasonable delay on the part of the State in taking the petitioner before a justice of the peace after his arrest.

*W.Va. Code*, 62-1-5, as in effect at the time of the petitioner's arrest, provided, in part:

> "An officer making an arrest under a warrant issued upon a complaint, or any person making an arrest without a warrant for an offense committed in his presence, shall take the arrested person without unnecessary delay before a justice of the county in which the arrest is made. . . ."

The petitioner urges this Court to hold that the six and one-half hour delay in his case violated the require-

ment of this statute and thus rendered the confession inadmissible.

This Court, in the recent case of *State v. Mason*, ____ W.Va. ____, 249 S.E.2d 793 (1978), discussed what constitutes reasonable delay under W.Va. Code, 62-1-5. After carefully examining the facts of the instant case, we conclude that there is nothing in the record to indicate that the six and one-half hour delay in taking the petitioner before a justice in any way triggered or influenced the petitioner's confession. Under our ruling in *Mason*, that delay was a reasonable delay.

However, in reviewing the record in this case, we note that the trial court failed to conduct an *in camera* hearing on the voluntariness of the petitioner's confession.

It is true that at the time of the marking of the confession as State's Exhibit No. 47, the court conducted a short conference with counsel in chambers on the state of the petitioner's mind at the time he gave the confession. However, at that conference no witnesses were called, and no evidence developing the circumstances surrounding the giving of the statement was introduced. At the conclusion of the conference, the court did not rule on the voluntariness of the confession.

Later, even though the court had conducted no additional *in camera* hearing on the voluntariness of the statement, Memel testified, before the jury, as to its contents.

Commencing with our ruling in *State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669 (1966), we have consistently held that it is the mandatory duty of a trial court, whether requested or not, to hear the evidence and determine in the first instance, out of the presence of the jury, the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence, and the failure to observe this procedure constitutes reversible error. See: *Arthur v. McKenzie, Warden*, ____ W.Va. ____, 245 S.E.2d 852 (1978); *State v. Starr*, ____ W.Va. ____, 216 S.E.2d 242 (1975); *Spaulding v. Warden*, ____ W.Va. ____, 212 S.E.2d 619 (1975).

By failing to conduct an *in camera* hearing, the trial judge ignored the mandatory duty. We, therefore, in accordance with our ruling in *Fortner*, reverse the decision of the circuit court and remand this case for a new trial.

*Reversed and remanded.*