STATE *ex rel.* CLIFFORD WAYNE ROGERS

*v.*

THE HONORABLE PATRICK CASEY, *Judge, etc., et al.*

(No. 14892)

Decided December 19, 1980.

*Robert M. Harvey* for relator.

*Chauncey H. Browning,* Attorney General, *Silas B. Taylor,* Assistant Attorney General, for respondents.

PER CURIAM:

In this prohibition proceeding the relator, Clifford Wayne Rogers, asserts that because of the provisions of the "Three Term Rule", *W.Va. Code,* 62-3-21 [1959], he should be discharged from prosecution for malicious or felonious wounding under Kanawha County Indictment No. 79-F-136. We agree.

Annually there are three terms of the Circuit Court of Kanawha County which commence on the second Monday in January, May, and September. *W.Va. Code,* 51-2-1m [1953].

The relator was indicted on March 27, 1979, during the January 1979 Term of the Circuit Court. At the time, he was confined in Huttonsville Correctional Center serving a burglary sentence of from one to fifteen years imposed by the Circuit Court of Kanawha County on August 28, 1978.

On April, 4, 1979, approximately one week after the return of Indictment No. 79-F-136, the State learned that the relator was confined at Huttonsville. However, the prosecutor made no effort to secure his return to Kanawha County until after the January and May 1979 Terms of the Circuit Court had passed. During the September 1979 Term the State did procure the relator's return under a Writ of Habeas Corpus ad Prosequendum, and did arrange for the appointment of counsel to represent him. However, no further steps were taken during that term to provide trial, and the relator was returned to Huttonsville early in the January 1980 Term.

On Thursday, May 8, 1980, three days before the end of the January 1980 Term, the prosecuting attorney of Kanawha County moved that the case be tried the next day, May 9, 1980. On May 9, 1980, the relator was returned to Kanawha County from Huttonsville at around 10:45 a.m. Shortly after his return his counsel appeared before the court and represented that because of the short notice he had received of the trial he had been unable to locate two defense witnesses, that he had not had enough time to consult properly with his client, and that he was thus unable to defend the relator adequately. He did not, however, move for a continuance.

After considering the representations of defense counsel the respondent judge, on his own motion, continued the case until June 4, 1980, in the next term of court.

The question now before us is whether three terms, as envisaged by the "Three Term Rule", passed without trial so that the relator is discharged from prosecution.

The "Three Term Rule" is set forth in *W.Va. Code*, 62-3-21 [1959] which provides in part:

> Every person charged by presentment or indict-
> ment with a felony or misdemeanor, and remanded

to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict . . . .

Under this statute the term at which the indictment is returned is not to be counted against the State. *State ex rel. Spadafore v. Fox,* 155 W.Va. 674, 186 S.E.2d 833 (1972); *State ex rel. Whytsell v. Boles,* 149 W.Va. 324, 141 S.E.2d 70 (1965); *State ex rel. Farley v. Kramer,* 153 W.Va. 159, 169 S.E.2d 106, *cert. denied,* 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451 (1969); and *State ex rel. Smith v. DeBerry,* 146 W.Va. 534, 120 S.E.2d 504 (1961). The relator is thus precluded from counting the January 1979 Term toward his discharge.

The "Three Term Rule" imposes a duty on the prosecution to provide a trial without unreasonable delay rather than a duty on the accused to demand a speedy trial. *State v. Lacy,* 160 W.Va. 96, 232 S.E.2d 519 (1977); *State ex rel. Stines v. Locke,* 159 W.Va. 292, 220 S.E.2d 443 (1975); *State ex rel. Farley v. Kramer, supra; see also, State ex rel. Wren v. Wood,* 156 W.Va. 32, 190 S.E.2d 479 (1972); *State ex rel. Parsons v. Cuppett,* 155 W.Va. 469, 184 S.E.2d 616 (1971); *State v. Underwood,* 130 W.Va. 166, 43 S.E.2d 61 (1947); *Ex parte Bracey,* 82 W.Va. 69, 95 S.E. 593 (1918). The fact that the accused is out of the county serving a sentence in the state penitentiary does not affect the duty of the State to provide a trial where the penitentiary sentence was imposed by the same court in which the accused is indicted. *Ex parte Hollandsworth,* 93 W.Va. 543, 117 S.E. 369 (1923); *see, State ex rel. Farley v. Kramer, supra; Ex parte Chalfant,* 81 W.Va. 93, 93 S.E. 1032 (1917); *Ex parte Dudley v. State,* 55 W.Va. 472, 47 S.E. 285 (1904).

During the May 1979 Term and the September 1979 Term the relator was confined in the state penitentiary under the burglary sentence imposed by the Circuit Court of Kanawha County. Prior to the beginning of the May 1979 Term, the State learned of his imprisonment but did nothing to secure his return for trial. In the course of the next term the relator was returned to Kanawha County under a Writ of Habeas Corpus ad Prosequendum, but again no trial was held. It is obvious from the record that the failure to try the relator during the May and September 1979 Terms was not excused by any of the exceptions contained in *W.Va. Code*, 62-3-21[1959], nor was it attributable to any fault of the accused. Under *Hollandsworth, supra*, the fact that the relator was confined in Huttonsville under order of the Circuit Court of Kanawha County in no way obviated the State's obligation to provide a trial. We, therefore, conclude that the relator is entitled to count the May 1979 and September Terms towards his discharge.

Three days before the end of the third term, which was the January 1980 Term, the State moved for a trial the next day. In the proceeding now before us the State argues that when the State moved for the trial, "trial" within the meaning of the "Three Term Rule", was provided, and that the case was continued solely because of defense counsel's inability to be prepared to represent the relator. The State argues that the order of continuance was entered because of defense counsel's representations and that the continuance should be treated as having been entered *de facto* on the motion of the relator. The relator counters that the continuance was necessitated by the State's scheduling the matter so late in the term that a fair trial could not be held before the end of the term.

Coexistent with the right of a criminal defendant to a speedy trial is the right to have effective assistance of counsel at that trial. *See, State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). We said in Syllabus Point 1 of *Housden v. Leverette*, 161 W.Va. 324, 241 S.E.2d 810 (1978), that:

> An interval of one day or less between the appointment of counsel and trial or the entry of a

guilty plea raises a rebuttable presumption that the defendant was denied effective assistance of counsel and shifts the burden of persuasion to the State.

Of even more applicability is *State ex rel. West Virginia-Pittsburgh Coal Co. v. Eno*, 135 W.Va. 473, 63 S.E.2d 845 (1951), where because of shortness of notice of the trial date defense counsel was not afforded an adequate time to prepare. We said in Syllabus Point 2:

> The right guaranteed by State and Federal Constitutions to a person charged with a criminal violation to have effective assistance of counsel, cannot be abrogated by denying counsel, if timely employed, sufficient time to adequately prepare for trial.

There can be no doubt in *Eno* that the Court was also concerned with the adequacy of notice for the trial under due process standards. As it quoted from headnote 2 of *White v. Ragen*, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1944), *Eno* said:

> To hold that counsel should have prepared for trial in less than twenty-four hours after having been employed would, we think, have the effect of denying the defendants a fair trial, and denying unto them the effective assistance of counsel to which they were entitled. *Eno, supra*, at 483, 63 S.E.2d at 851.

The Court went on to merge both the constitutional right to the effective assistance of counsel and the due process right to a timely notice of the trial date with this language. The merger between the right to effective assistance of counsel and the opportunity to prepare, as developed in *Eno* have been followed in our later cases, e.g., *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980); *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979) and *Wilhelm v. Whyte*, 161 W.Va. 67, 239 S.E.2d 735 (1977).

In the case before us, where the relator was confined on the eve of trial at Huttonsville, a considerable distance away from his counsel, and where his counsel was given less than twenty-four hours notice of trial, we cannot

conclude that his counsel was afforded an adequate opportunity to prepare. This is based on the record that he had made some preparations but had no opportunity to conclude trial preparations including securing his witnesses. Under our holdings and reasonings in *Housden v. Leverette, supra, State v. Eno, supra,* and *Wilhelm v. Whyte, supra,* the trial notice provision was not adequate to afford the relator his due process rights and his right to effective assistance of counsel. The trial court was correct in not forcing the trial and ordering a continuance of the case on the court's own motion.

However, such continuance was not procured by the relator. It was brought about on the State's failure to comply with the mandating statutory duty to try the relator within three terms as we have earlier discussed. The continuance entered by the court was necessary to protect the relator's right to effective assistance of counsel and to a fair trial.

The State in this case had an ample opportunity and an obligation to schedule trial in such a manner as to ensure the relator's counsel time to prepare. That the State failed to do. The delay compelled the court to order a continuance to protect the relator's right to effective assistance of counsel and to a fair trial. Under these circumstances we cannot find that the continuance was granted on a *de facto* motion of the relator's counsel, or that the State was excused from providing trial within three terms by any of the factors set out in *W.Va. Code,* 62-3-21 [1959]. The January 1980 Term, therefore, must also be counted against the State.

Because the State failed to try the relator within three terms as provided by *W.Va. Code,* 62-3-21 [1959], and because that failure was not excused by any of the exceptions contained in the statute and was not occasioned by fault of the relator, we conclude that he is discharged from prosecution under Indictment No. 79-F-136.

*Writ awarded.*