294 S.E.2d 51

STATE of West Virginia, ex rel.
Frank SHORTER

v.

Honorable John HEY, Judge, Circuit
Court of Kanawha County.

STATE of West Virginia, ex rel.
Lester YERKES

v.

Honorable John HEY, Judge, Circuit
Court of Kanawha County.

STATE of West Virginia, ex rel.
Michelle SHORTER

v.

Honorable John HEY, Judge, Circuit
Court of Kanawha County.

Nos. 15068, 15079 and 15085.

Supreme Court of Appeals of
West Virginia.

March 17, 1981.

Concurring Opinion March 18, 1981.

Rehearing Denied April 30, 1981.

Dissenting Opinion July 2, 1982.

Neely, J., concurred and filed opinion.

McGraw, J., dissented and filed opinion
in which Harshbarger, J., joined.

Boettner, Campbell & Crane and Gregory J. Campbell, Charleston, for Shorters, Relators.

John E. Dorsey and Michael T. Clifford, Charleston, for Yerkes Relator.

James E. Roark, Pros. Atty., Frances W. McCoy, Asst. Pros. Atty., Charleston, for respondent.

McHUGH, Justice:

In these actions, Frank Shorter, by petition filed December 4, 1980; Lester W. Yerkes, Jr., by petition filed December 8, 1980; and Michelle Shorter, by petition filed December 16, 1980, seek to prohibit the respondent, Judge John Hey, of the Circuit Court of Kanawha County, West Virginia, from conducting a trial of the relators upon offenses charged in an indictment against the relators returned at the May 1980 term by the Grand Jury of the Circuit Court of Kanawha County, West Virginia.

By orders of this Court entered December 4, 1980, December 9, 1980, and December 16, 1980, rules were issued directing the respondent to show cause why writs of prohibition should not be awarded against him. Upon motion of the respondent, filed January 15, 1981, this Court, by order entered January 22, 1981, consolidated the three petitions for purposes of argument and submission.

Accordingly, these actions are before this Court upon the petitions of the relators, the consolidated answer of the respondent, all matters of record, including a transcript of the July 17, 1980, hearing in the Circuit Court of Kanawha County, and upon the memoranda of law and argument of counsel.

The petitions assert that relators Frank Shorter and Lester W. Yerkes, Jr. were, on February 28, 1980, and February 27, 1980, respectively, arrested upon warrants issued on February 27, 1980, by Magistrate Burl Holbrook of Kanawha County, West Virginia. The warrants charged Shorter and Yerkes with offenses of robbery by violence. The record indicates that Michelle Shorter was not charged with an offense at that time.

Bond was initially set at $50,000.00 for Frank Shorter by Judge Fred L. Fox, II of the Circuit Court of Marion County, West Virginia, and $50,000.00 for Lester Yerkes by Judge Patrick Casey of the Circuit Court of Kanawha County, West Virginia.

The grand jury, during the May 1980 term of the Circuit Court of Kanawha County returned indictment No. CR–80–F–247 charging the relators, Frank Shorter, Lester W. Yerkes, Jr. and Michelle Shorter, with two counts of robbery by violence.

On July 17, 1980, a hearing was held before Judge John Hey of the Circuit Court of Kanawha County, West Virginia, at which hearing the trial court indicated it would grant motions of the relators for separate trials. Furthermore, over the objections and exceptions of counsel for the relators, Judge Hey, upon his own motion, continued the relators' cases to the September 1980 term of court, setting the cases for trial on November 18, 1980. The terms of court for Kanawha County begin the second Monday in January, May and September. *W.Va.Code*, 51–2–1m.

The petitions assert and the record indicates that the relators' cases were continued from the May to the September 1980 term of court because the judge had other matters scheduled in the remainder of the May term and, further, that the judge intended to attend a seminar and then take a vacation.

Counsel for the relators subsequently filed in the Circuit Court of Kanawha County pleas in bar asserting that the relators should not be prosecuted because (1) they were not tried during the May 1980 term and, (2) neither the relators nor the State moved that the cases be continued to the September 1980 term. These pleas in bar were denied by the trial judge.

■ In this prohibition proceeding, the relators contend that the trial judge abused his discretion, pursuant to the decision of this Court in *State ex rel. Holstein v. Casey*, 164 W.Va. 460, 265 S.E.2d 530 (1980) by continuing the relators' cases without good cause from the May 1980 to the September 1980 term. The relators further contend that, inasmuch as neither the relators nor the State moved for a continuance, the trial court committed error in continuing the relators' cases upon its own motion. Accordingly, the relators seek to be discharged from further prosecution.[1]

The respondent contends that good cause existed for the continuance of the relators' cases to the September 1980 term. Moreover, the respondent denies that the relators should be discharged from further prosecution and asks this Court to reconsider its opinion in *Holstein*.

At issue in this action is *W.Va.Code*, 62–3–1, providing that, unless good cause be shown, a criminal defendant shall be

1. Criminal cases have a priority in West Virginia upon the docket of a circuit court. *W.Va. Code*, 56–6–1, provides as follows:

Before every term of a circuit court, or any other court of record exercising jurisdiction in the trial or hearing of actions at law, the clerk shall make out a docket of the following cases pending, to wit: First, cases of the State; secondly, motions and actions, in the order in which the notices of the motions were filed, or in which the proceedings at rules in the actions were terminated, docketing together as new cases those not on the docket at the previous term. He shall, under control of the court, set the cases to certain days; and the docket shall be called and the cases on it tried or disposed of for the term in that order, except that the court may for good cause take up any case out of turn.

tried in the same term of court in which he is indicted. This statutory provision we shall refer to as the one-term rule.[2]

Also to be considered is *W. Va. Code*, 62-3-21, providing that, subject to enumerated exceptions, a criminal defendant shall be discharged from prosecution if not tried within three terms of court after presentment, indictment or appeal from an inferior tribunal. This statutory provision we shall refer to as the three-term rule.[3]

In *State ex rel. Holstein v. Casey, supra,* the defendant was indicted during the May term, 1979, for the felony offense of stealing a tractor. At a pre-trial conference held August 23, 1979, at which no judge was present, but which conference was apparently attended by the defendant, his counsel, and a prosecutor, a court secretary assigned January 9, 1980, as the trial date. The defendant's November 29, 1979, motion to dismiss, for lack of trial in the same term of indictment and denial of speedy trial, was denied by the trial judge.[4]

This Court, in *Holstein,* granted a writ of prohibition to prevent further prosecution of the defendant upon the indictment. Specifically, this Court held that, pursuant to *W. Va. Code,* 62-3-1, a defendant is entitled to be forever discharged from prosecution if he has not been tried in the same term as his indictment and there has been no grant of a continuance for good cause.

This Court stated, in *Holstein,* that the determination of what is good cause for a continuance, under *W. Va. Code,* 62-3-1, is in the sound discretion of the trial court. However, such a continuance may not be granted *pro forma* by the trial court, but must be requested by a party and the trial court must make a ruling. Furthermore, this Court stated that inasmuch as the West Virginia Legislature has determined what time periods constitute a denial of speedy trial, the defendant, upon a delay of trial, need not show actual prejudice.

Justice Thomas Miller dissented in *Holstein* stating that *W. Va. Code,* 62-3-1, should not be read as a legislative command to dismiss the charge against a defendant where, absent good cause, a trial is not held during the same term an indictment is returned. He stated that in such circumstances, the charge should not be dismissed and the defendant could compel a trial by mandamus.

Justice Miller also concluded that it is a violation of the defendant's right to a speedy trial under *W. Va. Code,* 62-3-21, the three-term rule (not such a violation under *W. Va. Code,* 62-3-1, the one-term rule) which by express statutory language man-

---

2. *W. Va. Code,* 62-3-1, provides, in part, as follows:

> When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term.

3. *W. Va. Code,* 62-3-21, provides as follows:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree

in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

4. *U.S. Const.,* amend. VI, provides, in part, as follows:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."

> *W. Va. Const.,* art. III, § 14, provides, in part, as follows:

> "Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay...."

dates that the defendant be discharged from further prosecution. The outer boundary beyond which a defendant cannot be prosecuted, subject to certain statutory exceptions, is *W.Va.Code*, 62–3–21, not *W.Va.Code*, 62–3–1.[5]

The majority in *Holstein* relies upon the premise that *W.Va.Code*, 62–3–1, is associated with a criminal defendant's constitutional right to a speedy trial. In this regard, the majority cites *State v. Wright*, 108 W.Va. 715, 152 S.E. 743 (1930); *State ex rel. Chambers v. Damron*, 87 W.Va. 189, 104 S.E. 490 (1920); *State v. Jones*, 84 W.Va. 85, 99 S.E. 271 (1919); and, *State v. Swain*, 81 W.Va. 278, 94 S.E. 142 (1917).

In three of those cases, however, *Wright, Jones* and *Swain*, it was the defendant, rather than the State, who sought a continuance. The defendants in those cases moved for continuances because of the absence of witnesses, and, consequently, the constitutional right of a criminal defendant to a speedy trial was not before the Court.

■ Most important, all four of the above cases cited by the majority in *Holstein* fail to mention the three-term rule under *W.Va.Code*, 62–3–21, which statute existed at the time those cases were decided. *W.Va.Code*, 62–3–1, and *W.Va.Code*, 62–3–21, both provide requirements as to when the trial of a criminal defendant in circuit court should occur. Accordingly, these two statutory sections should be read *in pari materia*.[6]

■ Accordingly, this Court is of the opinion that whereas *W.Va.Code*, 62–3–1, provides a defendant with a statutory right to a trial in the term of his indictment, it is *W.Va.Code*, 62–3–21, rather than *W.Va. Code*, 62–3–1, which is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of *U.S.Const.*, amend. VI and *W.Va.Const.*, art. III, § 14. *State v. Lacy*, 232 S.E.2d 519, 522 (W.Va.1977); *State ex rel. Stines v. Locke*, 159 W.Va. 292, 220 S.E.2d 443, 446 (1975); *State ex rel. Wren v. Wood*, 156 W.Va. 32, 36, 190 S.E.2d 479, 482 (1972); *Town of Star City v. Trovato*, 155 W.Va. 253, 257, 183 S.E.2d 560, 562 (1971); *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 170, 169 S.E.2d 106, 113 (1969); *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 538, 120 S.E.2d 504, 506 (1961); *State v. Underwood*, 130 W.Va. 166, 169, 43 S.E.2d 61, 63 (1947); *Hollandsworth v. Godby*, 93 W.Va. 543, 546, 117 S.E. 369, 370 (1923); *Ex Parte Bracey*, 82 W.Va. 69, 72, 95 S.E. 593, 595 (1918); *Ex Parte Chalfant*, 81 W.Va. 93, 96, 93 S.E. 1032, 1033 (1917); *Denham v. Robinson*, 72 W.Va. 243, 254, 77 S.E. 970, 975 (1913); *Cooper v. King*, 303 F.Supp. 876, 878 (N.D.W.Va.1969), and *Raleigh v. Coiner*, 302 F.Supp. 1151, 1154 (N.D.W.Va.1969). As each of the above cases indicates, *W.Va.Code*, 62–3–21, is this State's declaration of a criminal defendant's constitutional right to a speedy trial. At no time prior to *Holstein* has this Court held that *W.Va.Code*, 62–3–1, defines the right to speedy trial.[7]

---

**5.** As Justice Miller wrote:

It seems to me that even a cursory reading of the two statutes would compel the conclusion that they were designed to complement each other. In this respect *W.Va.Code*, 62–3–1, reflects the legislative intent to grant a liberal right for a good cause continuance, and if such good cause cannot be demonstrated, then the defendant must be tried during the indictment term. Counterbalancing this provision is *W.Va.Code*, 62–3–21, which enumerates only certain grounds for continuance which will toll the three-term rule and, in their absence, the outer boundary line is breached and the defendant is forever discharged from prosecution.

164 W.Va. at 470, 265 S.E.2d at 535.

**6.** As Justice Miller states in his dissent in *Holstein*:

"It seems to me that even a cursory reading of the two statutes would compel the conclusion that they were designed to complement each other." Footnote 5, *supra*.

**7.** This Court, in *DeBerry*, described the purpose of *W.Va.Code*, 62–3–21:

As often pointed out by this Court, the purpose of the pertinent statute is to assure a defendant a speedy trial. It is the legislative adoption or declaration of what, ordinarily, at least, constitutes a speedy trial within the meaning of Article III, Section 14 of the State Constitution, and of the Sixth Amendment to the Federal Constitution, and, of course, for the purpose intended should be liberally construed. (Citations omitted.)

120 S.E.2d at 506.

■ The term at which the indictment is returned is not to be counted under *W. Va. Code*, 62–3–21, in favor of the discharge of a defendant. *State ex rel. Whytsell v. Boles*, 149 W.Va. 324, 333, 141 S.E.2d 70, 76 (1965); Syl. pt. 1, *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 120 S.E.2d 504 (1961), and Syl. pt. 1, *Sands v. Commonwealth*, 20 Gratt. 800. (1871). As those cases indicate, at least three full terms of court beyond the term of indictment must pass before, under *W. Va. Code*, 62–3–21, the constitutional right to a speedy trial is denied. Accordingly, the importance of the term of indictment is lessened under *W. Va. Code*, 62–3–21, in terms of speedy trial. Therefore, it would not be justifiable to associate the one-term rule under *W. Va. Code*, 62–3–1, with a constitutional right to speedy trial, particularly in an instance where indictments are returned near the end of a term.

■ With like reasoning, if a criminal case is continued pursuant to *W. Va. Code*, 62–3–1, for good cause from the term of indictment to the next term, and during that latter term the defendant is not tried because of a continuance by the State, nothing in the provisions of *W. Va. Code*, 62–3–1, would entitle the defendant to discharge from prosecution. Rather, the outer boundary of prosecution in such a case, in terms of speedy trial, is established by *W. Va. Code*, 62–3–21.

■ This Court is of the opinion that for good cause shown upon the record, a trial court pursuant to *W. Va. Code*, 62–3–1, may, upon its own motion or upon motion of one or more parties, continue a criminal trial beyond the term of indictment.[8] Pursuant to this section, in the absence of a request for, or the trial court's own motion for, a continuance, trial in the term in which the indictment is returned is required. Failure by the trial court to conduct such a trial in the term of indictment does not in itself, for reasons set forth in this opinion, bar further prosecution of a criminal defendant. The determination of what is good cause, pursuant to *W. Va. Code*, 62–3–1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and, when good cause is determined, a trial court may, pursuant to *W. Va. Code*, 62–3–1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion.

■ Specifically, this Court holds that a trial judge in a multi-judge circuit may, upon his own motion and for good cause, order a continuance of a trial beyond the term of indictment because of the judge's congested trial docket, and such judge need not ascertain whether any other judge in the circuit can try the case within the term of indictment. *W. Va. Code*, 62–3–1.

■ In this regard, trial judges in multi-judge circuits should have the same control over their dockets as trial judges in single-judge circuits. Except for the benefit of geographic proximity in some circuits, the problems of trial judges in multi-judge circuits in relation to docket congestion are similar to those in single-judge circuits.

■ This Court cannot state as a matter of law that Judge Hey abused his discretion in his finding of good cause for a continuance of the relators' cases and in continuing these cases upon his own motion. A careful examination of the record reveals that Judge Hey's trial docket was substantially congested, particularly from July 17, 1980, the date of the relators' hearing to the end of the May 1980 term, at which time Judge Hey had scheduled other justifiable activities. In any event, to the assertion that Judge Hey's docket was congested, the relators present no evidence to the contrary.

There are a number of practical problems facing a trial court in attempting to try a defendant in the term of his indictment.

---

8. Authority exists for the continuance of a criminal trial upon a court's own motion. In *State ex rel. Rogers v. Casey*, 166 W.Va. 179, 273 S.E.2d 356 (1980), an action involving the three-term rule under *W. Va. Code*, 62–3–21, this Court stated: "The trial court was correct in not forcing the trial and ordering a continuance of the case on the court's own motion." 166 W.Va. at 184, 273 S.E.2d at 359.

Numerous indictments, for example, may be returned in the middle of a term, making trial upon such indictments in that term difficult, if not impossible.[9] In addition, it should be noted that circuit court terms in West Virginia vary in length, thereby providing some trial courts more days, and other trial courts less days, to effectuate the one-term rule.[10]

▇▇▇▇▇▇ Moreover, in a criminal case, pre-trial procedures and the nature and evidence relating to the offense to be tried may contribute to the difficulty in trying a defendant in the term of his indictment. This Court has held, for example, that a criminal defendant's state and federal constitutional rights are violated if his counsel is denied sufficient time to adequately prepare for trial. *State ex rel. Rogers v. Casey*, 166 W.Va. 179, 273 S.E.2d 356 (1980). In addition, where individuals are jointly indicted, such individuals may elect to be tried separately. Syl. pt. 1, *State ex rel. Zirk v. Muntzing*, 146 W.Va. 349, 120 S.E.2d 260 (1961); Syl. pt. 1, *State v. Roberts*, 50 W.Va. 422, 40 S.E. 484 (1901). Often, the court must consider and rule upon various pre-trial motions filed by defense counsel. Such pre-trial motions include discovery type motions and motions in arrest of prosecution. In a case involving a confession, whether a motion to suppress be filed or not, the trial court must hear evidence and determine the initial voluntariness of the confession out of the presence of the jury. Syl. pt., *State v. Staley*, 162 W.Va. 800, 253 S.E.2d 66 (1979); *State v. Smith*, 158 W.Va. 663, 212 S.E.2d 759, 762 (1975), and Syl. pt. 1, *State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669 (1966). These factors, and others, often times contribute to the difficulties in trying criminal cases in the term of indictment.

It must further be noted that there are matters, other than criminal cases, which have a priority upon the trial court docket. Extraordinary remedy cases, under *W.Va. Code*, ch. 53, such as prohibition or injunction proceedings, often necessitate a priority upon the trial court docket, thus, adding to the difficulty a trial court faces in effectuating the one-term rule. Moreover, statutes have been enacted subsequent to the enactment of *W.Va.Code*, 62–3–1, which further limit the trial court's time to effectuate the one-term rule. These statutes include involuntary hospitalization proceedings,[11] juvenile proceedings,[12] and child ne-

---

**9.** The time, during a term of court, a grand jury must be convened is not specified by the statutory law of this State. *W.Va.Code*, 52–2–1 *et seq.* A circuit court may during a term order a grand jury to be drawn "... whenever it shall be proper to do so." *W.Va.Code*, 52–2–1. The persons drawn for grand jury duty shall appear in court "... on the day required." *W.Va.Code*, 52–2–3. The days of service for which the grand jury members may be compensated vary among the counties of this State, and, in Kanawha County, grand jury members "... shall not be paid for more than sixty days' services for any one term of court." *W.Va.Code*, 52–2–13.

**10.** One difficulty of insuring trial in the term of indictment on a state-wide basis is that the terms of court in the thirty-one judicial circuits vary in length. As *W.Va.Const.*, art. VIII, § 5 provides, in part:

> In every county in the State the circuit court for such county shall sit at least three times in each year. The supreme court of appeals shall designate the times at which each circuit court shall sit, but until this action is taken by the supreme court of appeals, each circuit court shall sit at the times prescribed by law. If there be two or more judges of a circuit court, such judges may

hold court in the same county or in different counties within the circuit at the same time or at different times.

The terms of the circuit courts are, pursuant to the above constitutional provision, established by *W.Va.Code*, 51–2–1 *et seq.*

In the Eighth Judicial Circuit (McDowell County), for example, a multi-judge circuit, there are four terms per year. *W.Va.Code*, 51–2–1h. Consequently, there are fewer days available to try a defendant in the term of his indictment in this circuit than in a multi-judge circuit with three terms per year such as in the Seventh Judicial Circuit (Logan County). *W.Va.Code*, 51–2–1g.

**11.** *W.Va.Code*, 27–5–2, provides that where an individual is initially detained and taken into custody in an involuntary hospitalization proceeding to be held in circuit court, a probable cause hearing shall be held forthwith or postponed not to exceed forty-eight hours.

**12.** *W.Va.Code*, 49–5–8, provides that with respect to a detention hearing in a juvenile delinquency proceeding to be held in circuit court, where a child is initially taken into custody, the child "... must immediately be taken before a referee or judge of the circuit court and in no

glect or abuse proceedings.[13] Such proceedings involve strict time periods thereby restricting the trial court with respect to other matters upon the docket.

■ Such practical problems in effectuating the one-term rule are no less valid in multi-judge circuits in this State where docket congestion is equally serious as in single-judge circuits. Under the *Holstein* interpretation of the one-term rule, docket coordination among the trial judges in a multi-judge circuit would be a major problem, particularly in view of numerous indictments being returned in the middle of a term where other criminal and civil matters have been previously scheduled far in advance. Accordingly, with respect to the one-term rule under *W. Va. Code*, 62–3–1, a continuance by a judge in a multi-judge circuit should be reviewed by this Court by the same standards of good cause applicable in reviewing a continuance by a judge in a single-judge circuit.

We hold, therefore, that a defendant, pursuant to *W. Va. Code*, 62–3–1, has a statutory right to trial in the term of his indictment, subject to a possible continuance for good cause. Further, a defendant, pursuant to *W. Va. Code*, 62–3–21, has a constitutional right to trial within three terms from the term of his indictment, subject to certain enumerated exceptions. Where these two statutes are violated, it is only *W. Va. Code*, 62–3–21, which specifically provides that the defendant shall be discharged from prosecution. The Legislature did not provide in *W. Va. Code*, 62–3–1, the remedy of discharge from prosecution that it expressly provided in *W. Va. Code*, 62–3–21. If the Legislature had intended discharge

from prosecution under *W. Va. Code*, 62–3–1, it could have so provided. The right of the defendant is somewhat limited under *W. Va. Code*, 62–3–1, compared to *W. Va. Code*, 62–3–21, and the remedy likewise should be limited.

■ In noting the practical problems a trial court must face in attempting to try a defendant in the term of his indictment, pursuant to *W. Va. Code*, 62–3–1, this Court must make clear that it does not condone inefficiency or undue delay of criminal trials, or any other proceedings, in the circuit courts of this State. For meaningful review by this Court, therefore, the trial judge should state affirmatively upon the record the elements constituting good cause for a continuance under *W. Va. Code*, 62–3–1. Further, where the defendant or State objects to a continuance under *W. Va. Code*, 62–3–1, the objection should be made upon the record and the grounds for such objection stated with particularity.

■ Moreover, where the trial court is of the opinion that the State has deliberately or oppressively sought to delay a trial beyond the term of indictment and such delay has resulted in substantial prejudice to the accused, the trial court may, pursuant to *W. Va. Code*, 62–3–1, finding that no good cause was shown to continue the trial, dismiss the indictment with prejudice. In so doing the trial court should exercise extreme caution and should dismiss an indictment pursuant to *W. Va. Code*, 62–3–1, only in furtherance of the prompt administration of justice. Such a dismissal would be brought about by a violation of the defendant's statutory right under *W. Va.*

---

event shall a delay exceed the next succeeding judicial day." Where a child remains in custody subsequent to a detention hearing, the circuit court or referee, pursuant to *W. Va. Code*, 49–5–9, shall, unless good cause for a continuance be shown, conduct a preliminary hearing concerning the child within seven days of the time the child is taken into custody, otherwise the child shall be released upon recognizance. If the child is in custody subsequent to the preliminary hearing, the detention shall not continue longer than thirty days without commencement of an adjudicatory hearing "... unless good cause for a continuance be shown by either party or, if a jury trial be demanded, no longer

than the next regular term of said court." *W. Va. Code*, 49–5–9.

**13.** Pursuant to *W. Va. Code*, 49–6–3, a circuit court, in a child neglect or abuse case, may, pursuant to *W. Va. Code*, 49–6–3, schedule a preliminary hearing at which, in a case of imminent danger to the child, the court may remove the child for a period not exceeding thirty days from those having custody. As a result, the court, pursuant to *W. Va. Code*, 49–6–1, must have a hearing upon the merits of the case within thirty days, "... unless a continuance for a reasonable time is granted to a date certain, for good cause shown."

*Code*, 62–3–1, to a trial in the term of his indictment, not because of a violation of the defendant's constitutional right to a speedy trial.[14]

Upon all of the above, Syl. pts. 1 and 2 in *State ex rel. Holstein v. Casey*, 164 W.Va. 460, 265 S.E.2d 530 (1980) are hereby overruled to the extent the same are in conflict with this opinion, and the rules issued by this Court against the respondent directing him to show cause why writs of prohibition should not be awarded against him are discharged and the writs denied.

Writs denied.

NEELY, Justice, concurring:

I heartily concur with today's holding but I would go further in that I would require an affirmative motion by the defendant for a trial within one term before any rights as set forth in syl. pt. 4 of the majority opinion come into operation. I would always infer good cause from a silent record.

Defendants are now all represented by counsel. Seldom does a defendant want any trial, speedy or otherwise. Requiring an order of record continuing a case during the first or succeeding terms up to the constitutional three terms merely creates one more trap for young and inexperienced prosecutors; it will have no effect whatsoever on the proper administration of justice; and, it will merely take lawyer, judge, and staff time. Where a defendant really wants a speedy trial he can ask for one and in that event I would impose an even higher standard regarding good cause than today's majority opinion provides. Law is practical and that is the practical approach. We should give trials to people who want them and not worry overly much about people who do not want them.

McGRAW, Justice, dissenting:

The question before us in this proceeding involves the language of W.Va.Code §§ 62–

3–1 (Cum.Supp.1981) and 62–3–21 (1979 Replacement Vol.). The former statute simply and plainly provides that "[w]hen an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appears in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term ...." In *State ex rel. Holstein v. Casey*, 164 W.Va. 460, 265 S.E.2d 530 (1980), we read this language and determined that the Legislature had mandated by enactment of the statute, "that a defendant be tried in the same term as his indictment unless good cause is shown for a continuance ...." 164 W.Va. at 465, 265 S.E.2d at 533.

W.Va.Code § 62–3–21 provides:

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment or indictment is found against him, without a trial, unless the failure to try him [was the result of certain enumerated causes].

In *Holstein* we read this language and determined that it "provides specifically for discharge from prosecution of a defendant whom the state has failed to try within three terms of court following the term of indictment." 164 W.Va. at 465, 265 S.E.2d at 533.

We further stated in *Holstein* that these two statutes, when read together, formulate the legislative determination of what constitutes a speedy trial within the meaning of article 3, section 14 of the state constitution, and held that failure of the State to abide by the statutes bars prosecution of a criminal defendant. Syllabus Point 2, *State ex rel. Holstein v. Casey, supra.**

---

14. *W.Va.Code*, 62–3–21, defines a defendant's constitutional right to a speedy trial in West Virginia, and there are numerous case decisions concerning this right in other jurisdictions. However, few cases can be found in other jurisdictions in the area of the law with which the one-term rule, *W.Va.Code*, 62–3–1, is concerned. The existence of two statutes, *W.Va.Code*, 62–3–

1, and *W.Va.Code*, 62–3–21, concerning when a criminal trial is to occur makes West Virginia somewhat unique.

* Although W.Va.Code § 62–3–1 provides no stated penalty for the failure to comply with its terms, we found it necessary to impose the remedy of discharge from prosecution because

The majority, in tacit acquiescence to the disfavor accorded the statute and our holding in *Holstein* by prosecutors, circuit judges and media commentators, now reads W.Va.Code § 62–3–1 and says the language of the statute does not mean what it clearly says, and in effect, permits trial courts to disregard the law enacted by the Legislature. The majority rule removes any incentive for trial courts to see that criminal defendants are tried within one term of their indictment. Apparently the mandatory language of W.Va.Code § 62–3–1 is not mandatory, but merely directive.

We often hear it said, and I bet every member of this Court has repeated the exhortation in his election campaign, that justice should be swift and sure. However, when the time comes to apply this concept in a factual context that interferes with vacations and other judicial pleasures, this Court is inclined to say that justice should not be quite *that* swift and sure.

The purpose of the rule enunciated by this Court in *Holstein* was to require prosecutors and judges to perform their duties expeditiously in a manner consistent with the state constitution and the statutory law of this jurisdiction. I venture to say that if a prosecutor has enough evidence to convince a grand jury to indict, he ought to have sufficient evidence to go to trial. Of course, if good cause is shown by the defendant or the State for a continuance, the motion therefor should be granted. But trial judges should not be permitted, under the guise of "judicial discretion" or the "inherent power of the courts," to obstruct the swift rendering of justice for reasons that do not constitute good cause.

The public is entitled to the benefits of the constitutional provisions which guarantee speedy trials. U.S.Const. amend. VI; W.Va.Const. art. 3, § 13; *see State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 278 S.E.2d 624 (1981); *Ex parte Santee,* 2 Va. Cas. 363, 4 Va. 271 (Va.Gen.Ct.1823). The Legislature has determined "that a delay without good cause beyond the term of an

indictment is a denial of the speedy trial right ...." *State ex rel. Holstein v. Casey, supra,* 164 W.Va. at 467, 265 S.E.2d at 534. A congested docket is not "good cause" for continuance beyond the one-term rule, *see State v. Mack,* 89 Wash.2d 788, 576 P.2d 44 (1978); American Bar Association, *Standards Relating to Speedy Trial* at 27–28 (Approved Draft 1968), much less the desire of the trial judge "to attend a seminar and then take a vacation." Majority opinion, *supra,* at 54.

The majority opinion proves that the rule of law and not of men is a difficult proposition for lawyers and judges to obey, especially in "hard" cases where public opinion is panting. Those who speak of swift and sure justice and speedy trials in political rhetoric, but who, on the other hand, when faced with public pressure, decline to adhere to the philosophy of Rule of Law in deference to a philosophy of unbridled judicial discretion, are sanctioning unlawful loopholes. I would grant the writ of prohibition.

I am authorized to state that Justice HARSHBARGER joins me in this dissenting opinion, and says further:

"Perhaps that tenet should be, we are a nation that adheres to the rule of law and not of men—except when the men become a mob led by the press and prosecutors."

no lesser relief exists "that would give effect to and maintain respect for the statute." 164

W.Va. at 466, 265 S.E.2d at 533.