# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0905** (Berkeley County 14-F-30)

**John Hedrick,**
**Defendant Below, Petitioner**

**FILED**

May 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Hedrick, by counsel Matthew T. Yanni, appeals the final judgment of the Circuit Court of Berkeley County, for which the order of conviction upon a trial by jury was entered on May 15, 2014. Petitioner's sentence includes a term of life imprisonment in the state penitentiary pursuant to his conviction in a subsequent recidivist trial.[1] Respondent State of West Virginia appears by counsel Cheryl K. Saville.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested and presented to the magistrate on December 13, 2012, for an incident that occurred several months earlier. He waived his preliminary hearing, and the matter was bound over for presentation to the grand jury. He filed a motion for speedy trial on March 27, 2013. Petitioner was thereafter indicted on May 22, 2013, on charges of robbery in the first degree (by taking or attempting to take a cell phone and a set of keys), conspiracy to commit robbery, burglary, and malicious wounding. At arraignment, he pled not guilty, and trial was set

---

[1] Petitioner appeared before the circuit court for a seven-day trial in May of 2014, and subsequently was found guilty of robbery in the first degree, assault in the commission of a felony, malicious assault, burglary, conspiracy to commit malicious assault, and conspiracy to commit burglary. The State then filed its recidivist information. Following the recidivist trial, it was determined that petitioner was the same person previously convicted of two felony burglary charges in 2008 and 2010. Upon the immediate conviction, he was sentenced to serve sixty years of imprisonment for the robbery conviction, a term of life imprisonment for the assault during the commission of the felony conviction, two to ten years of imprisonment for the malicious assault conviction, one to five years of imprisonment for the conspiracy to commit malicious assault conviction, one to fifteen years of imprisonment for the burglary conviction, and one to five years of imprisonment for the conspiracy to commit burglary conviction.

1

for September 10, 2013. Prior to trial, on August 15, 2013, the State filed a motion to dismiss the indictment on the ground that the indictment charged a completed robbery, though the evidence may have shown only attempted robbery because it was uncertain at what point the cell phone and keys were taken from the victim. The State also indicated that a future indictment would contain additional conspiracy charges. Petitioner opposed the State's motion to dismiss, citing his motion for speedy trial and noting that he was in the custody of the Division of Corrections. The circuit court granted the State's motion, explaining that petitioner was incarcerated pursuant to revocation of parole on previous charges, not for the charges for which he awaited trial, and that there would be no harm in allowing the State to re-indict.

Nothing apparent on the face of the record occurred in the following term of court. Petitioner (along with his co-defendants) was again indicted on February 19, 2014, on charges of robbery in the first degree (by taking or attempting to take currency, a cell phone, and keys), conspiracy to commit robbery, assault during the commission of a felony, malicious assault, conspiracy to commit malicious assault, burglary, and conspiracy to commit burglary. Sometime thereafter, petitioner's co-defendants entered into plea agreements with the State. Petitioner filed a motion to dismiss the indictment on February 28, 2014, arguing that "the State of West Virginia has deliberately and oppressively sought to delay [petitioner's] trial beyond the term of his indictment." The circuit court denied this motion by order entered on April 17, 2014. Petitioner proceeded to trial the following month and was convicted as described above. This appeal followed.

Petitioner's sole assignment of error is that he was denied his right to a speedy trial pursuant to West Virginia Code § 62-3-1, which sets forth the "one-term rule" providing that a criminal defendant in custody on an indictment shall be tried in the same term of court in which he is indicted, unless good cause is shown for a continuance. Petitioner argues that because he was denied his right to a speedy trial, the circuit court erred in denying his motion to dismiss the indictment. "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's 'clearly erroneous' standard of review is invoked concerning the circuit court's findings of fact." Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). We further note:

> "The determination of what is good cause, pursuant to W.Va. Code, 62–3–1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to W.Va. Code, 62–3–1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion." Syllabus Point 2, *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981).

Syl. Pt. 5, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986). Circuit courts are guided in their consideration of what constitutes good cause by our prior holding in Syllabus Point 4 of *Shorter*:

2

Where the trial court is of the opinion that the state has deliberately or oppressively sought to delay a trial beyond the term of indictment and such delay has resulted in substantial prejudice to the accused, the trial court may, pursuant to W.Va. Code § 62-3-1, finding that no good cause was shown to continue the trial, dismiss the indictment with prejudice, and in so doing the trial court should exercise extreme caution and should dismiss an indictment pursuant to W.Va. Code § 62-3-1, only in furtherance of the prompt administration of justice.

170 W.Va. 249 at 251, 294 S.E.2d 51 at 53.

In view of the foregoing, we find that the circuit court did not abuse its discretion in finding good cause to grant the State's motion to dismiss the indictment and subsequently re-indict petitioner and his co-defendants.[2] Petitioner presented no evidence to the circuit court tending to show that the State "deliberately or oppressively" sought delay, and the State represented to the circuit court that it wished to cure a flawed indictment, which it ultimately did. Petitioner further has failed to show that he was substantially prejudiced, inasmuch as he was incarcerated for parole violations, and not for the offense for which he awaited trial. We find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] This Court has previously acknowledged that a dismissal of an indictment and a subsequent re-indictment constitute a continuance under West Virginia Code §62-3-1. *See State v. Lambert*, 175 W.Va. 141, 331 S.E.2d 873 (1985).