296 S.E.2d 861

STATE of West Virginia ex rel.
Edmund C. STILTNER

v.

Hon. Ward HARSHBARGER,
Magistrate, etc.

STATE ex rel. Lowell J. CARPENTER

v.

Hon. Kay BURKETT, Kanawha County
Magistrate Court, et al.

STATE ex rel. Joseph FOSTER, Jr.

v.

Hon. Jack KINDER,
Magistrate, etc., et al.

Nos. 15558, 15581 and 15582.

Supreme Court of Appeals of
West Virginia.

Oct. 15, 1982.

---

Michael T. Clifford, Charleston, for relator, Stiltner and Carpenter and Buzzard.

Edward Rebrook III, Charleston, for relator, Foster, Jr.

Chauncey H. Browning, Atty. Gen. and Janet Steele, Asst. Atty. Gen., Charleston, for respondents.

NEELY, Justice:

These three proceedings in prohibition present a single issue, namely the applicability of our State Constitution's speedy trial provision, *W.Va.Const.*, art. III, § 14, to the Magistrate Courts of this State. We conclude that a reasonable construction of *W.Va.Const.*, art. III, § 14 implies that in the absence of extenuating circumstances, a trial on a warrant issued in Magistrate Court must be begun within a year of the date of the issuance of the warrant.

Edmund Stiltner was arrested on 19 December 1980 in Kanawha County on a warrant issued from the Magistrate Court of Kanawha County on 12 December 1980 charging Mr. Stiltner with the misdemeanor of destruction of property. On 3 May 1982 the Magistrate Court sent a notice to Mr. Stiltner to appear for a hearing on 11 May 1982 and at that hearing petitioner moved for dismissal on the grounds that he had not been accorded a speedy trial. That motion was denied and petitioner sought a writ of prohibition here. During the approximately eighteen months that transpired between Mr. Stiltner's arrest and his scheduled trial date no proceedings of any type were conducted in the Magistrate Court.

Petitioner Lowell Carpenter was arrested 26 March 1981 for drunk driving and his case was set for hearing on 24 April 1981. Defendant requested a continuance through his counsel and the case was rescheduled for hearing on 22 May 1981. On 9 May 1981 Mr. Carpenter made a written demand for a jury trial, and since Mr. Carpenter was advised that there were no facilities for a jury trial in the magistrate

office at Chelyan, Mr. Carpenter's counsel requested reassignment of the case to another Kanawha County Magistrate. On 25 June 1981 the case was reassigned and the next hearing was scheduled for 11 May 1982. On 10 May 1982 the hearing was postponed at the request of the arresting trooper and rescheduled for 10 June 1982. On 8 June 1982 we issued our rule to show cause in prohibition. From the period 9 May 1981 until 8 June 1982 Mr. Carpenter did nothing to postpone or delay the trial.

Petitioner Leroy Buzzard was arrested 15 February 1981 for aiding and abetting the commission of a misdemeanor. Hearing was scheduled for 17 May 1982 at which time counsel appeared and moved to dismiss on speedy trial grounds. That motion was denied and the case was adjourned to give counsel time to seek prohibition in this Court. From 15 February 1981 until 17 May 1982 Mr. Buzzard did nothing to postpone or delay his trial.

Petitioner Joseph Foster, Jr. was arrested on the evening of 8 May 1981 and charged with driving under the influence of alcohol by a state trooper responding to the scene of an accident in which Mr. Foster had been involved. He was taken to the Kanawha County Magistrate's night court where the trooper filed an Information for Warrant, and the petitioner was then released on bond. On 18 May 1982, Mr. Foster was notified that his trial was scheduled for 11 June 1982. At no time since his arrest did Mr. Foster take any action to postpone or delay his trial.

I

*W.Va.Const.*, art. III, § 14 provides that trials of crimes and misdemeanors shall be held "without unreasonable delay." This section is our State's counterpart to the Sixth Amendment to the *Constitution of the United States* that guarantees a speedy trial. Our Legislature has given a statutory definition to the constitutional term "without unreasonable delay" in circuit courts in *W.Va.Code*, 62–3–21 [1959] which provides:

> Every person charged by presentment or indictment with a felony or misdemeanor,

and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witness for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or the inability of the jury to agree in their verdict; ...

This Court has interpreted *W.Va.Code*, 62–3–21 [1959] numerous times in the last five years and our most recent case on the subject is *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981). However, we have not addressed the problem of lack of a speedy trial in magistrate courts, and *W.Va.Code*, 62–3–21 [1959] by its very terms, is limited to prosecutions in circuit court upon grand jury indictments. Consequently, our task today is to give a precise definition to *W.Va.Const.*, art. III, § 14 in the context of misdemeanor prosecutions upon warrants in magistrate courts.

We are instructed by *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) that the Sixth Amendment guarantee of a speedy trial is applicable to the prosecution of misdemeanors in limited jurisdiction courts. Since *Klopfer* does not give any precise definition of the outer limits of permissible delay we may determine for ourselves what the expression "without unreasonable delay" in *W.Va.Const.*, art. III, § 14 means, and then measure our conclusion concerning the standards for delay under state law against the standards articulated in *Klopfer* to assure compliance with the Sixth Amendment.

*W.Va.Code*, 62–3–21 [1959] defines "speedy trial" for circuit court proceedings as requiring that an accused be brought to trial within three terms of court after indictment. While there are a few excep-

tions,[1] most West Virginia Circuit Courts have three terms of court a year. Therefore, it can reasonably be inferred that the Legislature considered a one-year delay the outer limit of the right to a speedy trial. Furthermore, the Legislature has enumerated certain circumstances that justify the postponement of a trial beyond three terms of court, and we conclude that where any one of those circumstances exists in the trial of a misdemeanor, delay beyond a one-year period is also justified.[2]

In *Klopfer v. North Carolina, supra,* the accused had been subjected to a delay of nearly eighteen months, during which time he pressed to have his case concluded "as soon as is reasonably possible." *Klopfer,* 386 U.S. 213, 218, 87 S.Ct. 988, 991, 18 L.Ed.2d 1. The prosecutor responded by requesting that a peculiar North Carolina procedural device, *"nolle prosequi* with leave," be invoked. The accused contended that this device, which allowed the state indefinitely to waive prosecution, violated his right to a speedy trial. The Supreme Court agreed. "By indefinitely prolonging this oppression, ... the criminal procedure condoned ... by the Supreme Court of North Carolina clearly denies the petitioner the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the *Constitution of the United States." Klopfer, supra,* 386 U.S. 213, 222, 87 S.Ct. 988, 993, 18 L.Ed.2d 1. The Supreme Court did not object to the eighteen month delay, but rather to the indefinite *nolle prosequi.* Our one-year rule expounded today thus appears safely within federal constitutional guidelines.

## II

So far we have been addressing the question presented by the three cases be-

**1.** West Virginia's Fourth, Eighth, and Twenty-eighth Circuits each have four terms of court a year. The Fourth Circuit only sits four times a year in Wood County, however. In Wirt County the Fourth Circuit follows the standard three-term schedule.

**2.** *W.Va.Code,* 62–3–21 [1959] provides exceptions to the right of an accused to be tried within three regular terms of court in the following circumstances:

fore us, namely at what stage a criminal warrant must be dismissed for failure to prosecute when the defendant is free on bond and has done nothing either to hasten or to postpone his trial. We conclude that under such circumstances the outer limit of our guarantee against "unreasonable delay" is a year, and that after one year lack of good cause for delay as defined by *Code,* 62–3–21 [1953] should be presumed from a silent record. Quite another case, however, is presented when a defendant is either being held in jail or has specifically requested a speedy trial. In this regard, the Legislature again instructs our understanding in *W.Va.Code,* 62–3–1 [1975] where the statute provides:

> When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term.

In *State ex rel. Shorter v. Hey, supra,* we held in syllabus point 2:

> The determination of what is good cause, pursuant to *W.Va.Code,* 62–3–1 for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to *W.Va.Code,* 62–3–1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion.

Our conclusion in *Shorter, supra,* was that a court may delay a trial for as long as three terms if there are problems other than those set forth in *W.Va.Code,* 62–3–21 [1959], but which are, nonetheless, "good cause" for postponing a trial beyond the term of the indictment.

> [t]he failure to try (the accused) was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict....

We would apply to our magistrate courts essentially the same "one term rule" that we apply to our circuit courts. Defendants *should* be tried within a hundred and twenty days, basically the time contemplated by one term of the circuit court, unless the court has good cause to continue the case for a longer period. The absence of good cause in the context of the hundred and twenty day rule, however, cannot be presumed from a silent record.

### III

Since this is a case of first impression we envisage that there will be numerous cases within our magistrate court system that fall under today's holding. In light of the potential number of these cases, judicial economy demands that we require the following procedure be used to process any such claims. In the first instance a motion to dismiss stale warrants must be made to the magistrate court from which the warrant issued. If such motion to dismiss is improperly denied, either prohibition or an appeal should be sought in the circuit court of the county in which the warrant was issued. This Court will look with great disfavor upon applications for original writs of prohibitions here unless good cause is shown why the matter cannot be handled by the local circuit court.

For the reasons set forth above, the writs of prohibition sought by the petitioners in these three cases are awarded and the Magistrate Court of Kanawha County is prohibited from taking any further action on the warrants issued against the petitioners and those warrants are ordered dismissed with prejudice.

Writs awarded.