309 S.E.2d 79

**STATE ex rel. Dane L. MILLER**

v.

**William L. FURY, Judge, etc., et al.**

**No. 15966.**

Supreme Court of Appeals of West Virginia.

Nov. 14, 1983.

---

J. Burton Hunter, III, Weston, for relator.

Chauncey H. Browning, Atty. Gen., and John Ernest Shank, Asst. Atty. Gen., Charleston, for respondents.

MILLER, Justice:

■ In this proceeding the relator, Dane L. Miller, prays that we issue a writ of prohibition prohibiting the respondents from prosecuting him under misdemeanor warrants charging him with driving under the influence of alcohol, second offense, and resisting arrest. The relator asserts that more than one hundred and twenty days have passed since the issuance of the warrants and that no prosecution of him has been commenced. He claims that under our recent ruling in *State ex rel. Stilt-*

*ner v. Harshbarger,* 170 W.Va. 739, 296 S.E.2d 861 (1982), he is entitled to have the charges against him dismissed.[1] We disagree, and accordingly we deny the writ of prohibition which the relator seeks.

The papers before us indicate that the relator was arrested during the evening of December 31, 1982. At the time he was injured, and he was subsequently hospitalized. After he was released from the hospital, he voluntarily appeared before the respondent, Magistrate Warner, who released him on a recognizance bond. This occurred on January 6, 1983.

Trial in the relator's case was set for June 6, 1983. The relator appeared with counsel and moved for a dismissal of the charges against him. He claimed that the State had failed to try him within one hundred and twenty days of his arrest, as required by *State ex rel. Stiltner v. Harshbarger, supra.* The State moved for a continuance so that the prosecutor could research the questions raised by the relator's motion to dismiss. The State's motion for a continuance was granted.

A hearing on the relator's motion to dismiss was conducted on June 8, 1983. At the hearing, counsel for the relator indicated that he was not aware of any good cause for the State's delay in failing to try the relator within the one hundred and twenty day period. He stated that if the State wished to present evidence of good cause for the delay, he was prepared to present countervailing evidence. Defense counsel essentially took the position that if the State failed to show good cause for

delay, his client should be discharged from prosecution under the facts of his case. The State did not offer to show good cause as to why the case could not have been tried within the one hundred and twenty day period.

In *State ex rel. Stiltner v. Harshbarger, supra,* we determined that the rules relating to speedy trial applied in cases before the circuit courts should be applied to proceedings in magistrate courts. We, in effect, incorporated the speedy trial law as it applied to felony cases to misdemeanor cases and said in Syllabus Point 1 of *Stiltner:* "The speedy trial guarantee of *W.Va. Const.,* art. III, § 14 that provides for criminal trials 'without unreasonable delay' is applicable to magistrate courts."

All the defendants involved in the *Stiltner* proceedings were arrested more than one year before the State proceeded to prosecute them. We held that W.Va. Code, 62-3-21 (1975), the "three-term rule" which traditionally sets the outer limits for prosecuting a defendant, was applicable to magistrate courts.[2] We noted, however, that the "one-term rule" contained in W.Va.Code, 62-3-1 (1975),[3] also applied to defendants in magistrate courts, as outlined in Syllabus Point 2 of *Stiltner:*

> "Ordinarily, unless good cause for delay exists, criminal trials in magistrate court should be commenced within one hundred and twenty days of the issuance of a warrant; however, good cause for delaying a trial beyond one hundred and twenty days must be judged by the standards applicable under *W.Va.Code,* 62–

1. In *State ex rel. Stiltner v. Harshbarger, supra,* we directed that where a "motion to dismiss is improperly denied [on a speedy trial issue], either prohibition or an appeal should be sought in the circuit court of the county in which the warrant was issued." 170 W.Va. at 743, 296 S.E.2d at 865. We are informed that prohibition was sought in the Circuit Court of Upshur County and denied, and that there was no evidentiary record made. The proper course would have been to appeal. However, in view of the single legal issue that we are deciding this case upon, we are willing to overlook this procedural flaw.

2. Syllabus Point 3 of *Stiltner* states:
"Unless one of the reasons specifically set forth in *W.Va.Code,* 62–3–21 [1959] for post-

poning criminal trials in circuit court beyond three terms of the circuit court exists, a criminal trial in magistrate court must be commenced within one year of the issuance of the criminal warrant and lack of good cause for delay beyond one year as defined in *Code,* 62–3–21 [1959] should be presumed from a silent record."

3. W.Va.Code, 62–3–1 (1975), provides, in relevant part: "When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term."

3–1 [1975] to postponements in circuit court beyond one term of court and, consistent with our rules for circuit courts, absence of good cause cannot be presumed from a silent record." [4]

The relator contends that the effect of *Stiltner* is that once a warrant is served on a defendant, unless the State shows some good cause for continuance, he must be tried within one hundred and twenty days from the date the warrant is served or otherwise he is forever discharged.[5]

The State responds that *Stiltner*, in setting the one hundred and twenty day rule, utilized *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981), to explain the meaning of good cause. *Shorter* held that the failure to hold a trial within the one-term rule period does not automatically result in a dismissal. We agree with the State's analysis and conclude that *Shorter's* provision with regard to the dismissal of a suit under the one-term rule in the circuit court is applicable to the one hundred and twenty day rule for the magistrate court.

Under Syllabus Point 4 of *Shorter*, in order to grant such a dismissal, the court must find that there was no good cause shown to continue the case. Additionally, the court must find that the State has deliberately and oppressively sought to delay the trial and that such delay has resulted in substantial prejudice to the accused:

"Where the trial court is of the opinion that the state has deliberately or oppressively sought to delay a trial beyond the term of indictment and such delay has resulted in substantial prejudice to the accused, the trial court may, pursuant to *W.Va.Code*, 62–3–1, finding that no good

cause was shown to continue the trial, dismiss the indictment with prejudice, and in so doing the trial court should exercise extreme caution and should dismiss an indictment pursuant to *W.Va. Code*, 62–3–1, only in furtherance of the prompt administration of justice." Syllabus Point 4, *State ex rel. Shorter v. Hey, supra.*

We, therefore, hold that before a case can be dismissed in magistrate court for failure to try the same under the one hundred and twenty day rule set forth in *State ex rel. Stiltner v. Harshbarger, supra*, the magistrate must find: (1) that there was no good cause for continuance; (2) that the State has deliberately or oppressively sought to delay the trial beyond the one hundred and twenty day period; and (3) that such delay has resulted in substantial prejudice to the accused. Furthermore, the magistrate should exercise extreme caution and should dismiss such warrant only in furtherance of the prompt administration of justice.

In the case before us, while no good cause was shown for the State's delay, there is no indication that the State has deliberately or oppressively sought the delay, and there is no indication that the delay has caused substantial prejudice to the relator.

Accordingly, we conclude that the writ of prohibition which the relator seeks should be denied.

Writ denied.

We recognized in *State ex rel. Stiltner v. Harshbarger* that the one-term statute, W.Va. Code, 62–3–1 (1975), was not applicable to magistrate courts. However, the adoption of the one hundred and twenty day rule for trials in magistrate courts was done by analogy to the one-term rule in circuit courts under W.Va. Code, 62–3–1 (1975). We stated in *Stiltner* that "most West Virginia Circuit Courts have three terms a year." 170 W.Va. at 742, 296 S.E.2d at 864. Consequently, *Stiltner* reasoned that one term is approximately four months or one hundred and twenty days.

5. Although Syllabus Point 2 of *Stiltner, supra*, speaks of trials to "be commenced within one hundred and twenty days of the issuance of a warrant," it is obvious that the time does not begin to run until the defendant is served with the warrant. We have traditionally held under the three-term rule exceptions, W.Va.Code, 62–3–21 (1959), that where the defendant is not subject to service, then the time period is tolled. *State ex rel. Boso v. Warmuth*, 165 W.Va. 247, 270 S.E.2d 631 (1980); *State v. Gregory*, 143 W.Va. 878, 105 S.E.2d 532 (1958).