590 S.E.2d 686

**STATE of West Virginia ex rel. Dale BRUM, Petitioner,**

v.

**Emily BRADLEY, Magistrate of Wood County, and Virginia Conley, Prosecuting Attorney of Wood County, Respondents.**

No. 31561.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 18, 2003.

Decided Dec. 3, 2003.

Dissenting Opinion of Justice McGraw Dec. 10, 2003.

---

McGraw, J., filed a dissenting opinion.

Dale Brum, D.D.S., Parkersburg, Petitioner, Pro Se.

Ginny Conley, Wood County Prosecuting Attorney, Sean D. Francisco, Wood County Assistant Prosecuting Attorney, Parkersburg, West Virginia, Counsel for Respondent.

PER CURIAM:

Dale Brum, D.D.S. (hereinafter referred to as "Dr. Brum"), seeks to prohibit Respondents, Magistrate Emily Bradley and Prosecuting Attorney Ginny Conley (hereinafter collectively referred to as "the State"), from trying him on a charge of domestic battery. Dr. Brum argues that such a trial would violate his speedy trial rights. Finding that the prosecution did not violate his speedy trial rights, we deny the writ.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On June 6, 2002, the State filed a criminal complaint against Dr. Brum alleging he committed a domestic battery on his wife.[1] On August 19, 2002, a pre-trial discovery hearing was held[2] where the parties agreed that another discovery conference would be beneficial, as the alleged victim's hospital records were not yet available. The additional conference was set for September 4, 2002.

At the September 4 conference, further information was exchanged and the magistrate set the trial for the next available date—November 18, 2002. As trial was prepared to begin on November 18, Dr. Brum filed with the magistrate a motion to dismiss arguing that as he was arrested on June 6 but was not brought to trial until November 18. As such, his trial exceeded the one term rule of West Virginia Code § 62–3–21 (1959) (Repl.Vol.2000) as made applicable to magistrate proceedings by State ex rel. Stiltner v. Harshbarger, 170 W.Va. 739, 296 S.E.2d 861 (1982).[3] The magistrate court denied the motion "[d]ue to [an] overcrowded Court Docket." On that same day, Dr. Brum filed a Petition for a mandamus/prohibition with the Wood County Circuit Court. At a hearing on Dr. Brum's motion, which was held that same day, the circuit court ruled against the State. In its written order of December 17, 2002, the circuit court found that the November 18 trial date exceed the 120 day rule and dismissal was required. The order, however, did not specify whether the dismissal was with or without prejudice.

On May 5, 2003, during a hearing in a separate case, the circuit court was informed that its prior orders dismissing a number of magistrate court criminal proceedings for violating the 120 day rule were being construed as being with prejudice and prohibiting the institution of new proceedings. The circuit court indicated that because the prior orders entered did not specifically say "with prejudice" that each dismissal was without

---

1. Dr. Brum was arrested without a warrant.

2. The State explains that this was a discovery conference that, while not required in misdemeanor cases, is provided as a service to magistrate criminal defendants in Wood County. The State further explains that it is customary in the Magistrate Court in Wood County to have one criminal day per week set aside where the State and defendants conduct pre-trial hearings in fifteen minute increments.

3. In State ex rel. Miller v. Fury, 172 W.Va. 580, 583 n. 4, 309 S.E.2d 79, 81 n. 4 (1983), we recognized that under Stiltner, one term of magistrate court equals 120 days.

prejudice. As a result thereof, a new arrest warrant was issued for Dr. Brum. Dr. Brum's trial under the new warrant was set for June 2, 2003, but was continued until September 23, 2003. However, trial was continued at Dr. Brum's request. The September 23 trial was stayed after we issued a show cause order in this case.

## II.

### GROUNDS FOR ISSUING THE WRIT

■ "A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers." Syl. pt. 1, *State ex rel. UMWA Int'n. Union v. Maynard*, 176 W.Va. 131, 342 S.E.2d 96 (1985). A petitioner's "right to the extraordinary remedy of prohibition must clearly appear before [he] is entitled to such remedy." *State ex rel. United Hosp., Inc. v. Bedell*, 199 W.Va. 316, 324, 484 S.E.2d 199, 207 (1997). We now turn to the issues in this case.

## III.

### DISCUSSION

Dr. Brum claims that the circuit court's prohibition bars further proceedings against him because it dismissed his case. The State responds that the circuit court's order was *without prejudice* and that under the facts of this case it may proceed to try Dr. Brum.

■ Our analysis begins with two related Code provisions, W. Va.Code §§ 62–3–1 (1981) (Repl.Vol.2000), and 62–3–21 (1959) (Repl.Vol.2000). W. Va.Code § 62–3–1, commonly called the "one term rule," provides, that one charged by indictment shall be tried within one term of court unless good cause for a continuance is shown. W. Va.Code

§ 62–3–21, commonly called the "three term rule," provides that a person subject to an indictment or present must be tried within three-terms of court unless certain limited enumerated exceptions are satisfied.

■ We clarified the relationship between these two provisions in syllabus point 1 of *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981):

Whereas *W. Va.Code*, 62–3–1, provides a defendant with a statutory right to a trial in the term of his indictment, it is *W. Va.Code*, 62–3–21, rather than *W. Va.Code*, 62–3–1, which is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of *U.S. Const.*, amend. VI and *W. Va. Const.*, art. III, § 14. *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 538, 120 S.E.2d 504, 506 (1961).

Thus, as *Shorter* makes clear "[t]he one-term rule is not a right of constitutional dimension ...." *State ex rel. Murray v. Sanders*, 208 W.Va. 258, 262, 539 S.E.2d 765, 769 (2000) (per curiam).

In syllabus point 2 of *State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982), we adopted a 120 day rule for magistrate courts by analogy to W. Va.Code § 62–3–1 and held that a criminal trial in magistrate court should occur within 120 days of issuance of the warrant unless good cause as defined by W. Va.Code § 62–3–1 exists.[4] Likewise, in syllabus point 3 of *Stiltner*, we recognized that unless one of the enumerated exceptions contained in W. Va. Code § 62–3–21 applied, a magistrate court criminal trial "must be commenced within one year of the issuance of the criminal warrant[.]"

■ Here, the circuit court found that Dr. Brum's November 18 trial exceeded the 120 days within which the State had to try Dr.

---

**4.** *Miller*, 172 W.Va. at 583 n. 4, 309 S.E.2d at 81 n. 4 (1983) ("We recognized in *State ex rel. Stiltner v. Harshbarger* that the one-term statute, W. Va.Code, 62–3–1 (1975), was not applicable to magistrate courts. However, the adoption of the one hundred and twenty day rule for trials in magistrate courts was done by analogy to the one-term rule in circuit courts under W. Va. Code, 62–3–1 (1975).").

Brum. The prohibition order, however, failed to indicate whether the dismissal was with or without prejudice. Normally, however, when a trial court dismisses a case on non-constitutional grounds, and the order does not otherwise specify, the dismissal is without prejudice. *See, e.g., United States v. Stoker*, 522 F.2d 576, 580 (5th Cir.1975) (dismissal order based on non-constitutional ground and not stating dismissal is "with prejudice" means it is "without prejudice"); *United States v. Clay*, 481 F.2d 133, 135 (7th Cir.1973) (footnotes omitted) (noting that a "dismissal may rest on a non-constitutional ground . . . and normally such a dismissal is without prejudice to a subsequent prosecution."); *State v. Benn*, 713 S.W.2d 308, 310 (Tenn.1986) (similar). *See also State v. Roca*, 203 Ga.App. 267, 268, 416 S.E.2d 836, 836–37 (1992) (trial court's dismissal of case because on day of trial State's witness failed to appear was construed to be without prejudice when it did not specify that it was with prejudice.).[5] Here, the dismissal was based upon a violation of the non-constitutional 120 day rule and did not specify that it was with prejudice. Thus, we find that it was without prejudice.[6]

▪ Moreover, we find that the pending trial is not barred by the constitutional three-term rule for magistrate courts. We have previously explained the consequences when a warrant is dismissed without prejudice and the case is later re-filed:[7]

> Where a misdemeanor warrant in a magistrate court is dismissed, further

prosecution for the same offense by a new warrant or by an indictment after one year from execution of the original warrant is barred unless the record shows that one or more of the exceptions contained in W. Va.Code, 62–3–21 (1959), applies.

Syl. pt. 6, *State ex rel. Johnson v. Zakaib*, 184 W.Va. 346, 400 S.E.2d 590 (1990). Here, the State issued a new warrant on May 5, 2003. The State asserts that trial under this warrant was set for June 2, 2003. The June 2, 2003, trial date was within one year of the original June 6, 2002, complaint.[8] Consequently, the three-term rule is no bar to Dr. Brum's trial.

## IV.

## CONCLUSION

For the foregoing reasons, the writ of prohibition is denied.

Writ denied.

Justice McGRAW dissents and reserves the right to file a dissenting opinion.

Justice ALBRIGHT, deeming himself disqualified, did not participate in the decision of this case.

McGRAW, Justice, dissenting:

(Filed Dec. 3, 2003)

At the time Dr. Brum was charged with committing a crime, the magistrate court

---

**5.** Our law is the same. *See, e.g.,* W. Va. R.App. P. 14(c) (this Court's refusal to issue a rule to show cause is without prejudice unless it specifically notes such a denial is "with prejudice.").

**6.** We also find support for the conclusion that the dismissal was without prejudice because during the circuit court hearing, Dr. Brum's counsel specifically stated that he was not alleging that the State was deliberately and oppressively trying to deny Dr. Brum his right to trial within 120 days, one of several necessary showings before a court can dismiss a case with prejudice under the 120 day rule. *See* syl. pt. 2, in part, *Miller v. Fury* ("Before a case can be dismissed in magistrate court for failure to try the same under the one hundred and twenty day rule . . . the magis-

trate must find: . . . that the State has deliberately or oppressively sought to delay the trial beyond the one hundred and twenty day period . . . .")

**7.** Although Dr. Brum was not initially arrested under a warrant, the criminal complaint had the same legal effect as an arrest warrant.

**8.** The State also tells us Dr. Brum requested a continuance which resulted in the trial being moved to September 23, 2003. A defendant's request for a continuance tolls the three-term rule. *See* W. Va.Code § 62–3–21 (three term rule tolled if, among other things, it is the result of "a continuance granted on the motion of the accused[.]")

**498**

should have been operating under the so-called 120 day rule. As the majority noted:

> In syllabus point 2 of *State ex rel. Stiltner v. Harshbarger,* 170 W.Va. 739, 296 S.E.2d 861 (1982), we adopted a 120 day rule for magistrate courts by analogy to W. Va. Code § 62–3–1 and held that a criminal trial in magistrate court should occur within 120 days of issuance of the warrant unless good cause as defined by W. Va. Code § 62–3–1 exists.

The "good cause" suggested by a magistrate in this case was simply that the court docket was too crowded; that excuse is not good enough for me, nor should it be for the people of West Virginia.

I by no means condone the actions Dr. Brum is alleged to have committed in this case, and believe that, if he did these things, he should be punished. However, the state must follow the rules, including applicable time limits, when prosecuting any defendant. I understand that our magistrate courts, like all our courts, are overburdened and that our magistrates work diligently to discharge their duties under the law. But if our system is so clogged that defendants, who are still citizens protected by our laws and Constitution, are unable to receive trials within the time limits required by law, then all branches of government must work together to remedy this problem.

If the Court wishes to change the 120 day rule, it should do so openly, and prospectively, so that it does not impact defendants like Dr. Brum, who were charged when the 120 day rule was clearly in effect. Otherwise, "[j]ustice delayed is justice denied." *State v. Bail,* 140 W.Va. 680, 88 S.E.2d 634 (1955). Therefore, I must respectfully dissent.