# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Magistrate Robert E. Lowe II,**
**Berkeley County Magistrate,**
**Respondent Below, Petitioner**

**vs)  No. 15-0594** (Berkeley County 15-C-137)

**Shannon Smith,**
**Petitioner Below, Respondent**

**FILED**

January 11, 2016

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Magistrate Robert E. Lowe II, by counsel Christopher C. Quasebarth, appeals the Circuit Court of Berkeley County's May 15, 2015, order granting respondent's petition for writ of prohibition. Respondent Shannon Smith, by counsel Benjamin M. Hiller, filed a response. On appeal, petitioner alleges that the circuit court erred in granting respondent's prohibition petition because three delays in the proceedings below are attributable to respondent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Shannon Smith was arrested and arraigned in magistrate court for domestic battery on June 19, 2013. The magistrate court held a status hearing in September of 2013. Respondent did not have an attorney at the hearing, so he filled out an affidavit for appointed counsel.[1] A second status hearing was held in November of 2013. Despite having filled out an affidavit for appointed counsel at the prior hearing, respondent was still unrepresented. Petitioner alleges that this hearing was continued so that respondent could hire an attorney, but respondent disputes this allegation. According to respondent, he qualified for an appointed attorney at both the September and November hearings. In fact, respondent alleges that his financial situation worsened between these hearings, as he was laid off from his job. The following day, respondent, for the second time, completed an affidavit for appointed counsel. The public defender corporation received respondent's November of 2013 affidavit on November 25, 2013, and an attorney was appointed for him shortly thereafter.

On December 5, 2013, respondent's counsel filed motions for discovery, a speedy trial,

---

[1] It is unclear from the record on appeal whether the public defender corporation received this affidavit.

and a jury trial. The magistrate court held a third status hearing in February of 2014, during which the parties indicated that the State had not yet provided discovery to respondent. The magistrate court held a fourth status hearing on April 14, 2014, during which the victim failed to appear. The State therefore requested a continuance, to which respondent objected. The objection was overruled.

Thereafter, the magistrate court held a pre-trial hearing in July of 2014, during which the arresting officer failed to appear and the State requested a continuance. Again, respondent objected and moved to have the matter dismissed based upon an alleged violation of his right to a speedy trial, but the magistrate court overruled the objection and denied the motion. During a second pre-trial hearing in September of 2014, respondent renewed his motion to dismiss, and the magistrate court requested that the parties file written briefs on the issue. Ultimately, in December of 2014, the magistrate court held a third pre-trial hearing, during which it denied the motion to dismiss and scheduled trial for March of 2015.

Prior to trial, respondent filed a petition for writ of prohibition in the circuit court. In April of 2015, the circuit court held a hearing on respondent's petition and ultimately granted the same, thereby prohibiting the magistrate court from prosecuting respondent on the domestic battery charge. It is from this order that petitioner appeals.

We have previously established the following: "'The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*.' Syllabus Point 1, *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997)." Syl. Pt. 1, *Brooke B. v. Ray*, 230 W.Va. 355, 738 S.E.2d 21 (2013). Upon our review of the circuit court's order, we find no error in the granting of respondent's petition for writ of prohibition.

In discussing the right to a speedy trial in magistrate court, we have previously held as follows:

> In syllabus point 2 of *State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982), we adopted a 120 day rule for magistrate courts by analogy to W. Va.Code § 62-3-1 and held that a criminal trial in magistrate court should occur within 120 days of issuance of the warrant unless good cause as defined by W. Va.Code § 62-3-1 exists. Likewise, in syllabus point 3 of *Stiltner*, we recognized that unless one of the enumerated exceptions contained in W. Va.Code § 62–3–21 applied, a magistrate court criminal trial 'must be commenced within one year of the issuance of the criminal warrant[.]'

*State ex rel. Brum v. Bradley*, 214 W.Va. 493, 496, 590 S.E.2d 686, 689 (2003). One such exception to this rule is for instances in which the matter is continued on motion of the defendant.

On appeal to this Court, petitioner argues, as he did below, that three separate continuances were attributable to respondent and, therefore, respondent's right to a speedy trial was not violated. The Court, however, does not agree. Simply put, respondent's requests for

appointed counsel at the first two hearings below do not constitute requests for a continuance. Likewise, respondent's filing of a motion to dismiss does not constitute a request for a continuance. These are simply normal matters addressed in the course of criminal proceedings, not requests that are tantamount to moving to continue the proceedings such that respondent forfeited his right to a speedy trial.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error by the circuit court. Our review of the record supports the circuit court's decision to grant respondent's petition for writ of prohibition on the grounds addressed above, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's May 15, 2015, "Order Granting Writ Of Prohibition" to this memorandum decision.[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 11, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman

CONCURRING AND WRITING SEPARATELY:
Justice Allen H. Loughry II

Loughry, Justice:

---

[2]In its order, the circuit court discusses a practice related to computation of time for purposes of speedy trial analysis in magistrate court that appears to be common in Berkeley County. Specifically, the circuit court explains (referencing a prior order of a circuit court judge from the Twenty-Third Judicial Circuit of West Virginia), that the common practice is that a defense continuance in magistrate court adds an additional 120 days to the one-year timeframe for purposes of protecting a defendant's right to a speedy trial. The rationale, as explained by the circuit court, is that a defendant has waived a term of court when granted a continuance in circuit court, and that a term of court in magistrate court has been held to equal 120 days. Because the circuit court specifically found that no continuance in this matter was attributable to respondent, its ruling did not turn on an evaluation of this practice. As such, it is unnecessary for us to consider the appropriateness of this practice in adopting the order at issue.

I agree that the respondent was denied a speedy trial. I write separately to explain why I believe the two continuances necessitated by the respondent's failure to secure legal counsel are attributable to the respondent in the speedy trial analysis and to emphasize the importance of diligent prosecutions.

Upon the respondent's initial arrest and arraignment on domestic battery charges on June 19, 2013, he signed a rights form on which he indicated that he wanted to hire an attorney to represent him. When the respondent returned to magistrate court for a status hearing on September 12, 2013, the matter was continued because he had failed to retain counsel. Although the respondent completed an application for a public defender that same day, the record does not reflect whether his application was considered by the local Public Defender Services and denied, or whether he made any further effort to either secure public defender services or privately retain counsel. Nonetheless, when he returned to the magistrate court for a status hearing on November 21, 2013, he again appeared without counsel; consequently, the matter was once again continued. The magistrate's handwritten notes from this November hearing indicate that the respondent is hiring counsel.[3] Accordingly, I would attribute these two continuances to the respondent. Three other continuances, however, are clearly attributable to the State.[4]

All crimes, including domestic batteries, are serious matters that must be diligently prosecuted by the State. When the State fails to do so, an individual who has engaged in criminal conduct may be able to evade trial, conviction, and punishment, which is devastating to the victim and a disservice to the citizens of this state.

Because the State failed to bring the respondent to trial within one year of his arrest and arraignment,[5] he was denied his right to a speedy trial. Consequently, I must concur in affirming the circuit court's order that prohibits his further prosecution on the instant domestic battery charge.

---

[3]The respondent completed another application for public defender services on November 22, 2013. Having been "laid off" from the employment he held at the time of his initial application, he indicated on the second application that he had no income. Soon thereafter, a public defender was appointed to represent him.

[4]Attributing these two continuances to the respondent does not alter the outcome of this appeal.

[5]One hearing was continued because the State had not produced discovery. Another hearing was continued on the State's motion because the victim did not appear. A third hearing was continued on the State's motion because the arresting officer did not appear.

*C Quasebarth*
*PA*

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel.
SHANNON SMITH,
      **Petitioner,**

v.
                               **Case No. 15-C-137**
                               **Judge Yoder**

MAGISTRATE ROBERT LOWE II
Berkeley County Magistrate,
      **Respondent.**

## ORDER GRANTING WRIT OF PROHIBITION

This matter came before the Court on April 6, 2015, for oral argument regarding the Writ

of Prohibition filed against Magistrate Robert Lowe, II. Upon completion of oral argument, the

Court requested that each party draft and file a proposed order with findings of fact and

conclusions of law.

Having reviewed the case law, briefs of the parties, and the file herein, the Court makes

the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND LEGAL CONCLUSIONS

1. Shannon Smith was arrested and arraigned in Magistrate Court for domestic battery on June 19, 2013.

2. A status hearing was held before Magistrate Lowe on September, 12, 2013. Mr. Smith did not have counsel at that hearing. Mr. Smith filled out and filed an affidavit for appointed counsel.

3. A second status hearing was held before Magistrate Lowe on November 21, 2013. Mr. Smith was still unrepresented despite filling out and filing an affidavit for appointed counsel at the previous status hearing. Mr. Smith, for the second time, filled out and filed an affidavit for appointed counsel.

4. The Public Defender Corporation received the November affidavit for appointed counsel and opened his case file on November 25, 2013. On December 5, 2013, counsel for Mr. Smith filed a motion for discovery, a motion for a speedy trial, and a motion for a jury trial.

5. A third status hearing was held before Magistrate Lowe on February 7, 2014. The parties informed Magistrate Lowe that the State had not yet provided discovery to the Defendant. Magistrate Lowe's case file reads: "continued, PD (public defender) needs discovery from AP (assistant prosecutor).

6. A fourth status hearing was held before Magistrate Lowe on April 14, 2014. The victim failed to appear and the State requested that the hearing be continued. Counsel for Mr. Smith objected to the continuance. The objection was overruled. Counsel for Mr. Smith requested that the next hearing be set as a pre-trial hearing.

7. The first pre-trial hearing was held before Magistrate Lowe on July 3, 2014. The arresting officer failed to appear and the State requested a continuance. Counsel for Mr. Smith objected to the continuance and moved for the matter to be dismissed based on violations of Mr. Smith's statutory and constitutional speedy trial rights. The objection was overruled and the motion was denied.

8. The second pre-trial hearing was held before Magistrate Lowe on September 11, 2014. All interested parties were present. Counsel for Mr. Smith renewed the motion to dismiss based on speedy trial violations. Magistrate Lowe delayed ruling on the motion and requested that the State and counsel for the Defendant submit written briefs.

9. The third pre-trial hearing was held before Magistrate Lowe on December 15, 2014. Magistrate Lowe heard oral arguments from the parties regarding the Defendant's motion to dismiss. After considering the arguments of the parties and the briefs filed, Magistrate Lowe denied the Defendant's motion to dismiss. Trial was eventually scheduled for March 16, 2015.

10. The State asserts that the March 16, 2015, trial date is timely because Mr. Smith was granted three continuances; specifically, the September 12, 2013, hearing wherein he requested a public defender, the November 21, 2013, hearing wherein he requested a public defender, and the September 11, 2014, hearing wherein Magistrate Lowe continued the hearing because he wanted the issue briefed before ruling on the motion.

11. A Defendant who is charged by the State with a crime has the constitutional right to a speedy trial. U.S. Const. Amend. XI; W.Va. Const. Art. 3, §14.

12. The West Virginia Supreme Court has ruled that a Defendant charged with a misdemeanor in magistrate court is entitled to a trial on that charge within one year of the service of the warrant so as to not violate his constitutional right to a speedy trial. State ex rel. Stiltner v. Harshbarger, 170 W.Va. 739, 296 S.E.2d 861 (1982); FN 5 State ex rel. Miller v. Fury, 172 W.Va. 580, 309 S.E.2d 79 (1983).

13. The West Virginia Supreme Court derived the one-year timeframe from W.Va. Code § 62-3-21, which is commonly referred to as the "three-term rule." SER Stiltner v. Harshbarger, at 742, 864. The three-term rule contains certain exceptions, where if

present, permit the State to bring the Defendant to trial beyond the one-year timeframe. W.Va. Code § 62-3-21. The Court has ruled that these same exceptions apply to misdemeanor charges brought in magistrate court. SER Stiltner v. Harshbarger, at 742, 864.

14. One exception contained in the three-term rule that permits the State to try a Defendant beyond one year is when there is "a continuance granted on the motion of the accused." The West Virginia Supreme Court has held that a continuance granted to a Defendant in circuit court that sets the trial date outside of the current term of court is not chargeable to the State for purposes of computing time under the three-term rule. The Court has not addressed the effect a defense continuance in magistrate court has on the one-year speedy trial timeframe. However, Judge Wilkes, Circuit Court Judge for the Twenty-Third Judicial Circuit, ruled in a prior case that because 1) a defendant waives the current term of court when granted a continuance in circuit court and 2) a term of court has been held to equal 120 days in magistrate court, then 3) a defense continuance in magistrate court adds an additional 120 days to the end of the one-year timeframe.

15. The State alleges that the March 16, 2015, trial date is within time because the Defendant was granted three continuances, thus adding an additional 360 days from the original one-year trial deadline of June 19, 2014.

16. For this Court to find that the March 16, 2015, trial date is out of time, it only needs to find that one of the three continuances the State attributes to the Defendant is not attributable to him.

17. Mr. Smith, in the September 12, 2015, status hearing was unrepresented by counsel. He indicated that he was indigent and requested that counsel be appointed. He filled out and submitted a completed affidavit for appointed counsel. The status hearing was continued so that counsel could be appointed. The hearing was presided over by Magistrate Lowe and the State appeared by its assistant prosecuting attorney, Greg Garretson. At no time during the hearing was Mr. Smith made aware of his constitutional right to a speedy trial. No colloquy was conducted during this hearing to ensure that Mr. Smith understood and knew that he had a right to a speedy trial. He was not advised that by requesting appointed counsel that he was, according to the State, effectively waiving his constitutional right to a speedy trial. Furthermore, at no time prior to this status hearing was Mr. Smith made aware of his constitutional right to a speedy trial. The initial rights statement that magistrates go over with defendants at arraignment makes no mention of a constitutional right to a speedy trial.

18. The continuance granted at the September 12, 2013, status hearing is not attributable to Mr. Smith. Attributing this continuance to Mr. Smith would have the same effect as having him forcefully choose which constitutional to assert and which constitutional right to waive. He could assert his speedy trial right and move forward with his case unrepresented or waive his speedy trial right so that he can assert his right to counsel. The State's theory that Mr. Smith cannot have both does not comport with either the Federal

or State constitutional guarantees of the right to be represented by counsel *AND* the right to a speedy trial.

19. Even if Mr. Smith could be forced to pick which constitutional right to assert, in this scenario, Mr. Smith had no knowledge of his right to a speedy trial. Being informed of a constitutional right forms the basis of a knowing and voluntary waiver of that right. Mr. Smith was unaware of his right to a speedy trial and therefore any implicit waiver of said right was done unknowingly and involuntarily. By contrast, a defendant in circuit court will enter into a colloquy on the record at arraignment to ensure a knowing and voluntary waiver of his speedy trial rights. At any other hearing in circuit court wherein the trial date is continued past the current term of court, the defendant enters into a colloquy on the record to demonstrate a knowing and voluntary waiver of his speedy trial right.

20. The continuance granted at the November 21, 2013, status hearing is not attributable to Mr. Smith. The Court incorporates its previous findings and conclusions regarding the September 12, 2013, hearing. Additionally, through no fault of Mr. Smith, the affidavit for appointed counsel submitted at the previous hearing never made it to the Public Defender Corporation for processing. At the September 12, 2013 hearing, Mr. Smith did everything he was supposed to do under the administrative system that appoints counsel to indigent defendants; yet, he was without counsel at his next hearing. Therefore, the November 21, 2013, continuance that was granted so that counsel could be appointed is not attributable to Mr. Smith.

21. The West Virginia Supreme Court has ruled that "any term at which a defendant procures a continuance of a trial on his own motion after an indictment is returned, or otherwise prevents a trial from being held, is not counted as one of the three terms in favor of discharge from prosecution under the provisions of Code, 62-3-21, as amended." Syl Pt. 2 State ex rel. Spadafore v. Fox, 155 W.Va. 674, 186 S.E.2d 833 (1972). The State argued that by virtue of Mr. Smith's motion to dismiss, he "otherwise prevented a trial from being held."

22. The continuance made at the September 11, 2014, pre-trial hearing is not attributable to Mr. Smith. Magistrate Lowe, sua sponte, requested that the hearing be continued so that the motion to dismiss could be briefed. Counsel for Mr. Smith made it clear on the record that the Defendant did not want the hearing continued. Counsel for Mr. Smith made no motion to continue, but rather a motion to dismiss. Magistrate Lowe noted that the continuance was not attributable to the Defendant. A motion to dismiss is not tantamount to a motion to continue. The motion to dismiss, based on both statutory and constitutional speedy trial violations, was presented to Magistrate Lowe at the previous hearing. The Magistrate could have requested the matter be briefed when the motion was first presented. Therefore, the September 11, 2014, continuance is not attributable to Mr. Smith.

23. Under W.Va. Code § 62-3-1, a defendant is entitled to be tried within the same term of court in which an indictment is returned. W.Va. Code § 62-3-1 (1981). In magistrate court, a defendant is entitled to be tried within 120 days of service of the warrant. State

*ex rel. Miller v. Fury*, 172 W.Va. 580, 309 S.E.2d 79 (1983). This speedy trial right is applicable to any term in which the right is asserted unless good cause can be shown for a continuance. Syl. Pt. 7 *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986). For a case to be dismissed for failure to try the same under the 120 day rule set forth in W.Va. Code § 62-3-1, the court must find: 1) that there was not good cause for continuance, 2) that the State has deliberately or oppressively sought to delay the trial beyond the 120 day period and; 3) that such delay has resulted in substantial prejudice to the accused. *State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982).

24. This Court finds that Mr. Smith's statutory speedy trial right has been violated. Counsel for Mr. Smith, promptly after being appointed, filed a demand for speedy trial on December 5, 2013. Since that date, the State has caused multiple delays in the proceedings. The February 7, 2014, hearing, the State had yet to provide discovery to the Defendant despite the pendency of the case since June 19, 2013. Furthermore, counsel for Mr. Smith filed a request for discovery on December 5, 2013, the same time as the demand for speedy trial. The April 14, 2014, hearing was continued because the victim failed to appear. The July 3, 2014, hearing was continued because the arresting officer failed to appear. The September 11, 2014, hearing was continued because Magistrate Lowe wanted the issue briefed. After the December 15, 2014, pre-trial hearing wherein Mr. Smith's motion to dismiss was ultimately denied, trial was scheduled for March 16, 2015, *three months later.*

25. While good cause for delay may be shown in some of these hearings, the delay after the December 15, 2014, hearing was not good cause. The magistrate court could have easily scheduled trial in this matter well within that 120 day period which would have ended February 9, 2015[1]. The State and magistrate court demonstrated an unwillingness to prosecute this case. The issues presented in this case are not complicated, such as those presented in felonies before the circuit court. A delay of almost two years to bring Mr. Smith to trial was and is unwarranted and unjustified. Furthermore, the delay has resulted in substantial prejudice to Mr. Smith. At all hearings, even for the writ prohibition, Mr. Smith has been present and has asserted his right to a speedy trial. He has had a pending criminal proceeding hanging over his head and has been unable to continue with collateral matters in family court due to the pendency of these proceedings.

26. This Court notes that Rules 9, 10, and 11 of the Rules for Criminal Procedure for Magistrate Courts establishes a procedure similar to arraignment in circuit court. These rules mandate a hearing wherein a defendant is called upon to enter his plea. If he enters a plea of not guilty, the magistrate is to promptly schedule a date and time for trial. This Court notes that the magistrate court failed to follow these rules in the instant case.

---

[1] The following is a breakdown of the 120 day sections for purposes of the "one-term rule" as contained in W.Va. Code § 62-3-1: the first term began on June 19, 2013, 120 days from June 19, 2013, is October 17, 2013 (the first term). 120 days from October 17, 2013, is February 14, 2014 (the second term). 120 days from February 14, 2014, is June 14, 2014 (the third term). 120 days from June 14, 2014, is October 12, 2014 (the fourth term). 120 days from October 12, 2014, is February 9, 2015 (the fifth term). 120 days from February 9, 2014, is June 9, 2015 (the sixth term).

Accordingly, for the reasons cited above, the court is of the opinion to and does hereby

GRANT Mr. Smith's Writ of Prohibition and GRANTS Mr. Smith's motion to dismiss.

Furthermore, the Court does GRANT this writ to compel the magistrate courts to comply with

Rules 9, 10, and 11 of the Rules of Criminal Procedure for the Magistrate Courts.

The Clerk is directed to send a certified copy of this order to all counsel of record.

Entered this ___14th___ day of ___May___, 2015

Honorable John C. Yoder
Circuit Court Judge
Twenty-third Judicial Circuit

Prepared by:

Benjamin M. Hiller, Esq. 12254
PDC 23rd Judicial Circuit
295 Monroe Street
Martinsburg, WV 25401
PH: 304-263-8909
FX: 304-263-0418

A TRUE COPY
ATTEST
Virginia M. Sine
Clerk Circuit Court
By: _Martha Meluad_
Deputy Clerk

RECEIVED

MAY 2 0 2015

BERKELEY COUNTY
PROSECUTING ATTORNEY